Casey, Ch. J.,
delivered the opinion of the court:
This case has been transmitted by the Secretary of War.
. It is a claim for the hire of a steamboat, under a charter-party with the United States. The vouchers, account, and claim were sent to the Third Auditor for settlement. He allowed the claim, and found a balance due the claimant of thirteen thousand and eighty dollars; and this settlement was approved and confirmed by the Second Comptroller. A certificate of the settlement was presented to the Secretary of War, and a requisition or warrant requested for the amount. This was refused; and under the provisions of the seventh section of the act 25th June, 1868, (15 Stat., p. 76,) he transmitted the papers to this court. The motion to dismiss the case is based upon three main grounds:
' 1. Because, under the laws of Congress, the decision of the *60 Auditor and Comptroller is final and conclusive; and that it is not subject to alteration or revision by the head of the department or any other executive officer.
2. That the papers and vouchers in the case having been sent to the Auditor, the War Department has lost all control over the case; and that it is no longer a claim made upon that department. That it can only be transmitted by the Secretary of the Treasury.
3. That the u vouchers, papers, proofs, and documents, pertaining” to the case, having been remitted to the Auditor, and where they are permanently filed of record, the Secretary of War can no longer comply with the provisions of the seventh section act of June 25,1868.
We have carefully considered the points made, together with the able and instructive argument of claimant’s counsel, and will briefly state our conclusions..
Whatever doubts existed prior to the act of March 30,1868;, there can be none now that the settlement of public accounts by the Auditors and Comptrollers are final and conclusive upon the executive departments of the government. Whatever uncertainty or controversy existed on that subject have been effectually removed by the plain and explicit provisions of that enactment. When they have acted, the head of the department to which the claim or account belongs has no right or-power to change or modify their award. He may, before signing a warrant or requisition for the amount of any account found and certified by them, submit to the proper Comptroller-any facts which in his judgment may affect the correctness of such balance. Beyond this he cannot go. Nor does the Secretary claim any such right or power in the present instance.
All that he claims is, that he has a right to ask a revision of' the matter by the proper court, and to place it in such position as to invoke the judgment of the judiciary upon the questions, involved.
This right, the Attorney General contends, is expressly reserved by the act of March 30, 1868; and that the mode in which it shall be exercised is prescribed by the act of Congress, of June 25,1868, section 7. And he claims that its provisions have been strictly followed in this case.
A long pending dispute existed between the accounting-bureaus and the heads of departments as to their respective *61 powers over claims and accounts. It was tlie cause of some jealousy and acrimony. The opinions of heads of departments, .Auditors, Comptrollers, and Attorney Generals, were by no means uniform and consistent. To settle this dispute the act of March 30,1868, was passed. While the clear intention of that act was to mate the decision of the Auditor and Comptroller final as to every executive department or officer, yet it was not intended to make them the supreme and final arbiter's between the United States and all claimants upon their Treasury. On the contrary, the act of March 30, 186S, expressly provides, “ that such balances, when stated by the Auditor and properly certified by the Comptroller, as provided by that act, (March 3,1817,) shall be taken and considered as final and conclusive upon the executive branch of the government, and be subject to revision only by Congress or the proper courts.” If the Auditor and Comptroller certify a balance due from a public officer or contractor, the latter may refuse payment; and when the United States bring suit to recover that balance, the defense may be interposed, and the matter undergo judicial investigation and scrutiny. So if an officer or creditor claim a larger amount than the accounting officers allow, he may refuse it, and sue in this court, or apply to Congress for relief. Thus far the acts are plain and free from all doubt or ambiguity.
But when the amount allowed by the accounting officers is, in the opinion of the head of the proper department, larger than is'justly due to the claimant, how is that to be revised? The act says it shall be subject to revision by Congress or the proper courts. But how is the action of Congress or the courts to be invoked? How are they to got possession of the case? The Secretary of the Treasury, if it came from another department, cannot act unless the Auditor or Comptroller first certify it to him. The Auditor or Comptroller, having allowed the claim, will not certify it. And if the Secretary in whose department the claim originated, and from whose appropriations it is to be paid, has no right or power in the premises, there can be no such revision, although the act expressly provides for it. This construction makes the decision of the Auditor and Comptroller absolutely final and conclusive when their decision is against the United States; and otherwise when against the claimant.
*62 There is neither equality nor equity in such an interpretation. And we are therefore not to impute such an intention to Congress, if the words and terms used are susceptible of any other construction. And such a meaning we shall find flowing easily and naturally from the acts when taken together; and being-in pari materia, they are to be construed as one consistent homogeneous act. The very difficulty suggested here appears to have been intended to be provided for by Congress in the seventh section of the act of June 25, 1868. Its purpose is to provide a mode for securing a judicial revision of the action of any executive officer or department, iu allowing a claim against the United States, whenever any other officer or department, through whose official scrutiny it is to pass, shall be uncertain as to the justice or propriety of its allowance; provided, it be of the character and amount described. The head of a department may in the first instance send it to this court, or lie-may in his discretion send it for settlement to the proper Auditor and Comptroller, with his own views upon the questions of law and fact involved. When it is pending before them those-officers may certify it to the Secretary of the Treasury, who will remit it to this court. They have not done so in this case. They found in favor of the claimant. The Secretary of War, when it was certified back to him, declined a requisition and transmitted it to this court. Ilis power in the premises depends on whether it was a claim made upon his department. The counsel for the claimant says, at the time it was transmitted, it was not a claim made upon the War Department, but upon the-Treasury Department, to which it had been transmitted for settlement. But this we apprehend is an error. These accounting-officers, though nominally attached to the Treasury Department, are in many respects independent bureaus. In the settlement of the accounts in other departments they act entirely independent of the head of the Treasury Department. He cannot in any way overrule or control their official action. A claim sent from any other department for adjustment remains still a claim upon such department. When adjusted it is again certified to such department for a requisition upon the Treasury for its payment, out of the proper and appropriated fund designated by Congress for carrying on the operations of government committed to the care of that particular department. This was and still remains a claim made upon the War Department. It *63 was for army transportation. If payable at all it must be out of tlie moneys appropriated by Congress for that particular public service. And they are subject only to the requisitions of the head of the War Department.
A requisition for a warrant for the payment of the claim is demanded of the Secretary of War; and it is therefore a claim, a demand, made upon his department. And if such it be, it is competent for him, if it exceed three thousand dollars, and involve disputed facts or controverted law, to send it here for revision.
But it is insisted that the Secretary has no further power or control over it, because the act; requires him to transmit with it to this court “ all the vouchers, papers, proofs, and documents pertaining to the claim; and as these have been sent to and remain with the Auditor, it is no longer possible for the Secretary to comply with the law providing for the sending of such cases to the Court of Claims. Upon closer scrutiny, we think these arguments will be found more ingenious than sound. The act of March 30, 1868, evidently intended to reserve to Congress and the proper courts the right and power to revise the action of the Auditor and Comptroller in the-allowance of disputed demands upon the government; and this irrespective of whether the decision should be for or against the United States. This intention is expressed in such words and terms in the act of March 30, 1868, as to leave no room whatever for doubt. The provision is so direct and plain as to defy argument or illustration.
In such cases the head of the department transmits whatever papers, vouchers, and documents relating to the case remain in his department; those sent to the Auditor, if necessary to the case, can be procured upon the call of this court, or the Attorney General. This argument, we think, is entitled to but little weight, because the papers all remain in possession of the same government, and are as accessible and as easily obtained from the Auditor’s office as from the War Department.
But if the decision of these officers be final and conclusive upon all executive officers, and at the same time takes the case out of its appropriate department, so as to preclude the head of such department from seeking the revision provided for by Congress or the courts, then their powers are final and supreme. *64 Not only as to the executive, but equally so as to the legislative and judicial branches of the government; for if this view be correct, then the Secretary cannot send the case to Congress or the courts, and the Auditor and Comptroller will not. And hence the provision for a revision is a dead letter, and incapable of execution. And yet no one believes that such was the intention of Congress when they passed the act of March 30, 1868.
The last-named act provided for the revision. But it was very soon seen by Congress that the means of securing such a revision was defective and incomplete. To remedy this, the seventh section of the act of June 25,1868, was enacted. The former act defined the right; the latter the manner in which and by whom it should be enforced and made effective. This completed the system, and made it a complete, homogeneous whole. Under that act the head of a department may send the claim here in the first instance; but he does not waive his power and right to do so by first allowing it to go to the .accounting officers. These powers were conferred for the public good and benefit, and he cannot waive or relinquish them, •even did he desire to do so. Besides, he cannot tell that the facts and law as he understands them are disputed, until a different result from that which he reached is arrived at by the accounting bureaus. This renders the need of congressional or judicial revision more pressing and desirable, when it is found that high executive officers differ as to the justice and legality of the claim. And it appears to me that every consideration •of public policy is ip favor of the closest scrutiny and the fullest revision of a claim so situated.
The main objection remaining to be considered is as to the time when the head of a department may transmit a claim to this court. The act of June 25, 1868, answers this question in the plainest and most explicit manner. That time is “whenever a claim is made upon said department” of the character and kind •described. Here, as we have already seen, the claim was being-made upon the War Department in the most direct and urgent manner. A claim for payment. It is backed by the certificate •of settlement and allowance by the Auditor and Comptroller. A requisition upon the Treasury is demanded; it is demanded upon the funds that are appropriated for his department, and for which he is responsible to Congress and the country. He *65 may not revise or alter that certificate and allowance himself. Congress or the proper court, however, may do so. And unless he can put it in such shape as to enable Congress or the court to exercise this reviewing and revisory power, no other one can. Aud if he cannot, the consequence is that the right of the United States to such revision is defeated by a narrow, technical construction never dreamed of by those who framed and passed the law. It renders the provision a dead letter so far as any benefit to the -United States is concerned, for-whose interest and protection it was mainly intended. But all such interpretations are to be discarded, and the clear and manifest intention of Congress upheld and promoted. These, in our judgment, gave full power to the Secretary of War to send the case to this court. It is properly here. Aud we, therefore, overrule the motion to dismiss the proceedings, and discharge the rule.