Weldon, J.,
delivered the opinion of the court:
In December, 1873, the claimant gave information to the government officers at the port of Boston against certain importing merchants, which resulted in the commencement of an action on the 1st of May, 1874, to recover the sum of $1,000,000 as fines, penalties, and forfeitures for undervaluations of im-' ports. A defense was interposed; and on the 10th of March, 1875, by direction of the Secretary of the Treasury, a compromise was made by the payment of $30,000, “ in full of all claims and demands.” Said money was paid to the collector at Boston, and by him deposited in the United States Treasury.
On April 13,1877, claimant filed a petition with the Secretary of the Treasury, asking to be paid $7,500, being one-quarter of the net amount recovered. The Secretary, on June 27, 1877, refused to allow the sum demanded; but allowed the sum of $5,000 in full “ for reward as informer.” That amount was paid claimant. The claimant again brought the matter before the department, and on the 7th of April, 1879, the Secretary decided “ that no compensation can be made, except under section 4, act of June 22, 1874, which limits the amount to $5,000.” Claimant, being dissatisfied with the decision of Mr. Secretary Sherman, renewed his application for additional compensation to the present Secretary of the Treasury, who has transmitted the matter to this court, in pursuance of his authority under the second section of the act of March 3, 1883, chapter 116, Stat. L., commonly called the “ Bowman Act.”
This claim is prosecuted to establish the right of claimant to the $2,500 disallowed by the Secretary.
It is urged against the right of the claimant that there is no jurisdiction in this court to consider the subject-matter of the reference, because of the action of the former Secretary; that the matter is res judicata, and therefore in law there is no “ claim *508 or matter pending” in the Treasury Department within the meaning of the second section of said act.
A claim is pending within the meaning of the act of March 3,1883, whenever it is presented to a department for payment, and upon being transmitted hither, it becomes a competent matter of jurisdiction, on whichthe department is to be guided by the decision of the court; although it may be determined by the court, that the further consideration of the claim by the department is unauthorized by law. The object of the statute is “to afford assistance and relief to Congress and the executive departments in the investigation of claims,” and the only limitation upon the jurisdiction of the court upon a matter referred, is found in the latter part of the third section.
The second and fourth findings clearly indicate that the former Secretary determined as a matter of law that the claimant, under the act of June 22, 1874, vol. 18, 186, was only entitled to the sum of $5,000 as a maximum compensation. The Secretary in the exercise of a quasi-judicial function, fixed by two distinct decisions the measure of the claimant’s rights.
There is no pretense that he made a mistake of fact; and the present Secretary is not called upon to correct a mistake of fact, but an error of law. The jurisdiction of the incumbent officer to review the acts of his predecessor is aptly defined by the Supreme Court in the case of United States v. Bank of Metropolis (15 Pet., 401):
“The right in an incumbent of reviewing a predecessor’s decision extends to mistakes in matters of fact arising from errors in calculation, and to cases of rejected claims in which material evidence is afterwards discovered and produced. But if a credit has been given or an allowance made, as there were, by the head of department, and it is alleged to be an illegal allowance, the judicial tribunals of the country must be resorted to to construe the law under which the allowance was made and to settle the rights of the United States and the party to whom the credit was given. It is no longer a case between the correctness of one officer’s judgment and that of his successor.” (See also 9 Opin., 34; 12 Opin., 172-358; 13 Opin., 387, 456; 14 Opin., 275.)
The case made by the petition and findings is not susceptible of new evidence, it being purely a question of the construction of a statute; and the case which the claimant-presents to the incumbent Secretary is the same that was twice presented to, and rejected by the former Secretary.
*509 This court said in Lavalette Case (1 C. Cls. R., 149):
“ That the head of a department cannot, in a matter involving-judgment and discretion, reverse the decision and action of his predecessor, even in a matter relating to the general affairs and management of the business of the department, was held by the Supreme Court in The United States v. The Bank of Metropolis (15 Pet., 401). Much less could he do so where the duties to be performed were of a quasi-judicial nature, and were expressly made conclusive by the statute which conferred the power to act in the premises.”
In accordance with these judicial decisions we find the sanction of the Judiciary Committee of the Senate, in a report June 14,1878, by Hon. David Davis :
“The principle which has been so frequently decided that the final decision of a matter before the head of a department is binding upon his successor, where no material testimony is afterward discovered and produced, is now entitled to be regarded as a settled rule of administrative law.”
Many other authorities might be cited sustaining the same doctrine, but it is not necessary for the purpose of this case. As the result of those decisions, we must hold, that the decision of Secretary Sherman in rejecting the claim was a settlement, so far as the Treasury Department is concerned, under the administration of his successor; and being settled by his decision it is not open for examination and adjustment on the merits.
It is therefore the opinion of the court that the present Secretary has no authority of law to open the claim for readjustment. on its merits, and the clerk will certify a copy of this opinion to the Treasury Department.