Richardson, Ch. J.,
delivered the opinion of the court:
The claim in this case accrued nearly thirty years ago, September 14,1858, when the claimant’s testator ceased performance of the services for which compensation is demanded. The action was not commenced by voluntary petition, but by transmission from the Secretary of State under the provisions of section 1066 of the Revised Statutes,
The defendants contend among other defenses that the court is without jurisdiction by reason of the statute of limitations (Rev. Stat., 1069), and have filed a motion to dismiss on that account.
In Lippitt’s Case (100 U. S. R., 663), the Supreme Court say that by the act of 1868 (now Rev. Stab., § 1063)—
*267 “Authority was given to the head of any executive department, whenever any claim was made upon that department, # * * to cause such claim, with the documents pertaining thereto, to be transmitted to the Court of Claims, to be proceeded in as if originally commenced by the voluntary action of the claimant. * * * Where the claim is of such a character that it maybe allowed and settled by an executive department, or may in the discretion of the head of súch department, be referred to the Court of Claims for final determination, the filing of the petition should relate back to the date when it was first presented to the department for allowance and settlement. * * # ¶>1}6 cases thus transmitted for judicial determination are, in the sense of the act, commenced against the Government when the claim is originally presented at the department for examination and settlement.”
In Finn’s Case (123 U. S. It., 227), the Supreme Court held that unless the claim were presented to the proper department within six years after it accrues such department could not give this court jurisdiction of it by transmission under that act.
The claimant, in avoidance of this bar, relies upon the fact that his testator, from the year 1827 until his death in 1881, was domiciled in Guatemala, “beyond the seas,” and so was exempted from the limitation of section 1069 by the proviso» thereof. But it appears by Finding I that the testator came to this country in November, 1870, and remained here some four months.
It is stated in Angelí on Limitations, section 196, and is well-settled and familiar law, that the invariable construction which has been given to such a proviso in statutes of limitation is—
“That where it is incumbent on the .plaintiff to prove that he labored under any disability, he must show that it was a continuing disability from the first, and that when the statute has once begun to run no subsequent disability will impede it.”
Upon the return of the claimant’s testator to this country in 1870 the six years’ limitation of the statute immediately began to run, and it had run out several years before the making of this claim upon the State Department in 1885.
The court is therefore without jurisdiction of the case unless other,proceedings, set out in the findings, constitute such a making of claim against the proper department within six years after the testator’s return as take it out of the operation of the statutes.
*268 The “proper department” referred to in the statute is undoubtedly that one in which the claim originated and to whose appropriation, in case of payment, it is to be charged (Rev. Stat., § 3675), and it is the head of “such department” who may transmit the same to this court when made against it.
That question was considered in one of the first cases referred to this court under the act of 1868, the Delaware Steamboat Company's Case (5 C. Cls. R., 55). The claim had been presented to the War Department, through which it was properly payable according to the provisions of the statute, now Revised Statutes, section 3673, which applies only to the War and Navy Departments. It was there disallowed. The claimant presented the same demand at the Treasury Department, where an account was stated by the accounting officers and a balance found due to the company, and the same was forwarded to the War, Department for a requisition under said provision. The claimant also demanded of the War Department that a requisition should issue and payment be made. The Secretary of War refused to comply with the requests, and thereupon he-transmitted the case to this court.
Bur there are many claims and demands, like the one now in suit, which are not required to be made upon any other department before presentation to the Treasury Department. The Revised Statutes, in section 236, provides that—
“All claims and demands whatever by the United States or against them, and alL accounts whatever in which the United States are concerned, either as debtors or as creditors, shall be settled and adjusted in the Department of the Treasury.”
Parties may go directly to the Treasury Department if they choose independently of any previous action on their part in the department where their claims originate.
The claimant elected the latter course and pursued his remedy in the latter forum instead of. making a claim against the Department of State until 1885.
, On the 30th of July, 1868, the attorney for the deceased presented his claim to Mr. McCulloch, Secretary of the Treasury, and on the 2d day of September following he renewed his demand by a letter to the same Secretary.
On the 4th of September, 1868, the First Comptroller, who had jurisdiction of the matter, notified the attorney that the *269 claimant bad “no legal claim against the Government.” This was a rejection of the claim and the end of the case in that Department.
The attorney, on the 4th of March, 1870, renewed the demand by letter addressed to the Secretary, then Mr. Boutwell, who had succeeded Mr. McCulloch, but it does not appear that the case was re-opened, nor that any reply was made to this communication, apparently because, according to Department law and practice, a case disposed of under one Secretary can not be re-opened by his successor, except on account of newly-discovered evidence or some error apparent in the record. (Jackson’s Case, 19 C. Cls. R., 508; Rollins & Presbrey's Case, 23 C. Cls. R., 106.)
While pending in the Treasury Department the claim might have been settled and paid, if there was an appropriation applicable to it, or it might have been transmitted to this court by the Secretary of the Treasury, on the certificate of the Auditor or Comptroller if not upon his own motion, under the statutes, independently of the State Department. As it was not referred to the Secretary of State, as the claim of the Delaware Steam-boat Company was sent to the Secretary of War for requisition and payment, but was rejected, it can not be held to have been made upon the State Department by the proceedings in the Treasury.
It was not until fifteen years after the case had been disposed of in the Treasury Department that the executor of the original claimant, who had died in the mean time, made formal claim against the Department of State by a letter addressed to the Secretary March 2,1885. That letter was sent to this court by the head of the Department, transmitting the claim, and was the foundation of his action in that regard. In our opinion the presentation of it to the Department of State was the filing of the petition in the case now before us within the meaning of the statue of limitation as interpreted by the Supreme Court in the Lippiit Case.
The only previous connection the State Department had with the matter was that Acting Secretary Hunter answered certain inquiries made by the First Comptroller in 1868, which had reference to the claimant’s demand on the Treasury, and in which the claimant’s claim was not mentioned, and that *270 in 1870 Secretary of State Fish, furnished to the claimant’s counsel information asked for by him for use before the Comptroller, as stated in his letter of inquiry.
It is evident from the findings that it was never understood by the parties' — the claimant and those representing him on the one side, and the officers of the State Department on the other — that the claim was ever presented to that Department for settlement and payment until demand was made by the claimant’s attorney March 2,1885. It is not to be presumed that the State Department would have held such a claim under advisement for fifteen years, nor that the claimant would have let it so remain without at least an inquiry for so long a period.
The petition must be dismissed.