BichardsoN, Oh. J.,
delivered the opinion of the court.
This case is before us under three distinct provisions of the statutes conferring jurisdiction upon the court.
1. June 5, 1884, it was transmitted by the Committee on Claims of the House of Representatives for a tinding of fact by the court under section 1 of the Bowman Act of March 3, 1883, chapter 116 (22 Stat. L., 485). In that case the claimant filed her petition April 22, 1885.
2. April 8, 1886, it was transmitted by the Secretary of the Treasury, under section 2 of that act, for finding of facts, conclusions of law, and opinion. In that case the claimant filed her petition April 20, 1886.
3. After the passage of the act of March 3,1887, chapter 350 (24 Stat. L., 505), the claimant filed an amended petition in the latter case which, after setting out the allegations of facts relied upon, prays that the court will find as a conclusion of law that there is due the claimant the sum of $32,868.79, and that the court will thereupon proceed to render judgment in her favor for that amount m accordance with the provisions of section 13 of the latter act. That section is as follows:
“Sec. 13. That in every case which shall come before the Court of Claims, or is now pending therein, under the provisions of an act entitled ‘An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,’ approved March third, eighteen hundred and eighty-three, if it shall appear to the satisfaction of the court, upon the facts established, that it has jurisdiction to render judgment or decree thereon under existing laws or under the provisions of this act, it shall proceed to do so, giving to either party such *327 further opportunity for hearing as in its judgment justice shall require, and report its proceedings therein to either house of Congress or to the Department by which the same was referred to said court.”
There are two claims in the case transmitted by the Secretary of the Treasury, differing somewhat in the principles of law to which they give rise.
The first is a claim presented to the Department and disallowed more than thirty-five years ago by the predecessors of the present accounting officers, who were asked, after that lapse of time, to pass upon and allow it, without allegations of fraud, mistake, or newly discovered evidence.
The second claim accrued, if at all, more than forty-seven years before it was presented to the Treasury Department, December 5, 1885.
Both claims are barred by the Revised Statutes, section 1059, from the jurisdiction of the court to render judgment, as they accrued, if at all, more than six years before the filing of the petition, and section thirteen of the act of 1887 authorizes a judgment in petitions under that act or the acf of 1883 (the Bowman act) only when “ it shall appear to the satisfaction of the court, upon the facts established, that it has jurisdiction to render judgment or decree thereon under existing laws or under the provisions of this act.” There is no provision in the act itself for judgment in such case, and the preexisting law forever barred the claims. The amended petition must therefore be dismissed.
The two claims can not be received, examined, and allowed by the accounting officers of the Treasury for other reasons not alike in relation to each claim.
The first claim, disallowed more than thirty-five years ago, has passed beyond the control of the accounting officers and the head of the Department who have been appointed since the time of that disallowance. The law has been too well settled to be in doubt at this time, that public officers can not open and re-examine cases decided by their predecessors except for fraud, mistake in matters of fact arising from errors in calculation, or newly discovered material evidence. (United States v. Bank of Metropolis, 15 Pet., 401: Lavalette's Case, 1 C. Cls. R., 149; Jackson's Case, 19 C. Cls. R., 504; Illinois Case, 20 C. Cls. R., 342; Day’s Case, 21, C. Cls. R., 262. Opinions of *328 Attorney-G-eneral, vol. 9, p. 34: vol. 12, pp. 172, 358; vol. 13, pp. 387, 456; vol. 14, p. 275 )
The second claim, which accrued, if at all, in 183S, was'not ]>resented to the Treasury Department until December 5,1885, a period of forty-seven years. It is therefore a stale claim, which the accounting officers have no right to receive, examine, and settle. It was not the purpose of Congress by the Bowman act and the act of 1887 to open and revive stale claims, but rather to provide for a judicial investigation of live and open accounts which are within the cognizance of the accounting officers, and for the determination of other matters. (McClure’s and Porter’s Cases, 19 C. Cls. R., 18.)
It has often been said that there-is no statute of limitation applicable to claims required to be presented and examined by the accounting officers of the Treasury Department, and that is undoubtedly so. But there is an unwritten law recognized by courts of equity and admiralty in which no statute of limitation is applicable against entertaining and enforcing stale claims (Speidel v. Henrici, 120 U. S. R., 387, and numerous cases there cited; Willard v. Dorr, 3 Mason C. C. R., 161), and that law the accounting officers may rightly invoke and rely upon.
A stale claim is one that has not been presented for payment for a long period of time, during which the claimant has slept upon his rights and thus created a presumption that the claim was never an honest and just one,,and that he has been waiting until it was forgotten by the alleged debtor, and all evidence against it is lost or destroyed. Courts of equity usually follow the law and adopt the statutes of limitation as fixing the period beyond which delay requires explanation, and which, unless satisfactorily accounted for, will constitute a bar to demands. We see no reason why the accounting officers may not rightly adopt the same rule.
But there is much indebtedness of the United States which no lapse of time in making application for payment renders stale, such as interest on registered bonds and other balances stated in favor of parties on the books of the Treasury Department, as to which the only proof to be made is the identity of the claimant or his right to represent the record-creditor (Rev. Stat. sees 306, 307, 308, Hall’s Case, 17 C. Cls. R., 39); the public debt evidenced by bonds and coupons of record in *329 the Department, and, no doubt, other indebtedness of like kind which we have not considered.
The clerk will certify the findings of fact and conclusions of law and opinion to the Treasury Department for its guidance and action, will certify the findings of fact with this opinion to the Committee on Claims of the House of'Representatives, and will enter judgment in the case transmitted to the court by the Secretary of the Treasury (Departmental, Ho. 28) dismissing the amended petition.