## RAY *v.* UNITED STATES.

*(District Court, D. Indiana. April 19, 1892.)*

1. CLAIMS AGAINST UNITED STATES — LIMITATIONS — ERRONEOUS TAXATION — RECLAMATION — TRUSTS.

In 1872 a statement made by the comptroller of the treasury showed that a certain amount had been erroneously deducted as income tax from the salary of a United States district judge between 1864 and 1869. In 1875 a draft was issued by the government for the payment of the claim, but, remaining unclaimed, it was in 1887 covered into the treasury. No demand of payment was ever made until 1891, and payment was then refused. *Held*, that after the draft was issued the government held the fund in the nature of a trust, and that the six-years limitation as to claims cognizable by the court of claims did not begin to run until the date of the demand.

**2. SAME.**
    The two-years limitation prescribed by Rev. St. § 3227, for actions to recover taxes erroneously collected, does not govern, as it applies only when the gist of the claim is the wrongful act of the tax officer, and in this case the original wrong was cured by the action taken by the department to refund the money.

At Law. Action by John W. Ray, as administrator of the estate of David McDonald, to recover an amount deducted as income tax from his salary as United States district judge. Judgment for plaintiff.

*W. A. Ketcham,* for plaintiff.

*Smiley N. Chambers,* for the United States.

BAKER, District Judge. This is an action by the plaintiff as administrator of the estate of David McDonald, deceased, against the defendant, to recover the amount of $504.71, deducted as income tax from his salary as United States district judge for the district of Indiana between December, 1864, and August, 1869. This claim is founded on the following facts: On the 10th day of May, 1872, a statement was made by the first comptroller of the treasury, showing that the sum of $504.71 had been withheld from said McDonald's salary as such judge. This statement was referred to the commissioner of internal revenue, who, with the approval of the secretary of the treasury, entered the same on a schedule of claims for the refunding of taxes erroneously assessed and paid, certifying that they had been examined and allowed. Thereupon an account was stated by the fifth auditor of the treasury, which was certified by the first comptroller for payment on the 2d day of August, 1875, and a draft was duly issued for the sum of $504.71, payable to the order of said McDonald. This draft was held in the office of the commissioner of internal revenue and of the first comptroller until May 31, 1887, when the first comptroller recommended that the amount of said draft be paid from outstanding liabilities, to which it had been covered three years after its issue, and deposited in the treasury, on account of an erroneous allowance made in favor of the draft, which was done by a warrant dated June 30, 1887. On the 19th day of July, 1888, letters of administration were duly issued to the plaintiff by the circuit court of Marion county, Ind., upon the estate of said McDonald. On the 18th day of May, 1891, demand was made by the plaintiff upon the proper officer of the United States for the payment of said money so covered into the treasury, which demand was refused, and this action was brought on the 12th day of November, 1891.

It is contended that this claim is barred either by section 1069 or by section 3227 of the Revised Statutes of the United States. Section 1069 provides that—

"Every claim against the United States, cognizable by the court of claims, shall be forever barred, unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the secretary of the senate or the clerk of the house of representatives, as provided by law, within six years after the claim first accrued."

Section 3227 provides that—

"No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected without authority, or of

any sum alleged to have been excessive, or in any manner wrongfully collected, shall be maintained in court, unless the same is brought within two years after the cause of action accrued."

In my opinion, the contention of the learned counsel for the respondent cannot prevail. The section last above quoted embraces claims where the action is grounded on the wrongful conduct of an officer empowered to act as collector of internal tax. The gist of the action is the wrongful conduct of such officer. In no just sense does the present claim arise out of the original wrong of the internal revenue department. That was corrected by the voluntary action of the proper officers of the treasury department in 1875, and thereafter the fund in controversy was held impressed with a trust until 1887. I do not think the section first above quoted presents a bar to the maintenance of this suit. It is insisted that the claim in suit first arose at the time between 1864 and 1869, when the tax was wrongfully deducted and withheld from the salary of Judge McDonald. In this view I cannot concur. The United States, recognizing the wrong done in collecting and withholding the tax, voluntarily stated an account for the amount in controversy, and a draft payable to the order of Judge McDonald was duly issued for the same. The government thereafter held this fund in the nature of a trust, awaiting demand of the payee or his legal representative. Rev. St. 1878, § 307, makes a permanent appropriation for the payment of all such outstanding and unpaid drafts. Section 308 provides for their payment on the presentation thereof, without limit of time. Under such circumstances, the fund became impressed with a trust. *U. S. v. Taylor*, 104 U. S. 216; *Waddell's Case*, 25 Ct. Cl. 323; *Wayne v. U. S.*, 26 Ct. Cl. 274. In the case last above cited the court say:

"We now hold that the statute of limitation does not run against outstanding liabilities so entered in the books of the treasury department for which there is a permanent appropriation and other provisions by Rev. St. §§ 306–308, until the outstanding drafts, etc., are presented, or demand is made without the draft, and its nonproduction is properly accounted for."

I concur in this construction of the statute. The cause of action in this case did not accrue until the trust was repudiated; and six years had not elapsed since such repudiation until this claim was filed. It follows that there must be judgment for the claimant; and it is so ordered.