Atkinson, J.,
delivered the opinion of the court:
This is a claim for property consisting of horses, cattle, guns, etc., valued at $3,661.50, taken in the year 1846, during the war between the United States and Mexico, from the ranch of Vincente Cantua, in Montgomery County, upper California, then a part of the territory of Mexico, by and for the use of the troops of the United States under the command of Col. John C. Fremont.
The claim was originally presented to a board of officers appointed under an act of Congress passed August 31, 1852 (10 Stat. L., 105). Section 6 of said act provides that:
“ The Secretary of War is authorized and empowered to appoint three competent and disinterested officers of the army to examine and report to Congress upon all such claims as may be presented for funds advanced and sub *571 sistence and supplies of all kinds furnished or taken for the use of said command whilst thus engaged in the public service; and for the expenses of said board of officers the sum of two thousand dollars is hereby appropriated.”
It is not shown by the record in the case that the board constituted under said act at any time recommended the payment of the claim involved herein. On the contrary, it appears that said board under date of February 1, 1854, suspended action thereon “ awaiting further evidence as to: First. By whose orders the property was taken * * On March 3, 1855, Congress abolished the board to which power had been given to consider this and other like claims, and there the matter ended.
The case was referred to the court February 11, 1908, by the Secretary of War under section 12 of the act of March 3, 1887 (24 Stat. L., 505), commonly called the Tucker Act. The defendants move to dismiss the same for want of jurisdiction, the contention being that the claim was not pending in the department at the time of its reference; that the War Department never had jurisdiction over the claim further than to name a board of officers under the act of August 31, 1852, supra, which board was to examine this and other like claims against the United States and make report thereon to Congress; that the head of a department can not transmit a claim to the court under section 1063 of the Revised Statutes, unless it is one over which he has jurisdiction ; that there is no appropriation out of which the Secretary of War can settle the claim, consequently he is without authority to take action thereon.
Under section 12 of the act of March 3, 1887, supra, under which this case was referred to this court for an opinion thereon, it is only wherein “ a claim or matter may be pending in any of the executive departments which involves controverted questions of fact or law” that the head of such department, with the consent of the claimant, may transmit the same with the vouchers, papers, proofs, etc., to the Court of Claims. Clearly this claim is not one which the Secretary of War had jurisdiction to settle; and this being true it can not be regarded as a claim now pending in that department. (Armstrong's case, 29 C. Cls. R., 148, *572 169, and authorities there cited.) Besides, it is a stale claim. (Waddell, 25 C. Cls. R., 323; Babner, 26 id., 82; State of Maine, 36 id., 531.)
The Secretary of War appears to have adopted the opinion of the Acting Judge-Advocate-General as the letter of reference, but that opinion was against the right of reference, holding that the claim was not pending in the War Department ; yet in the last sentence of that opinion it is substantially recited that if the Secretary of War considered the question one of doubt he could refer the case to the Court of Claims, leaving the court to determine whether it had jurisdiction to act thereon.
The statute contemplates the head of a department stating the controverted questions of law or fact involved in the controversy upon which he desires an opinion. However, there is no communication from the Secretary of War covering the points involved and upon which he desires the court to pass other than the mere words of “respectfully referred to the clerk of the Court of Claims, and Mr. Howard so advised.”
Treating the letter of the Judge-Advocate-General as having been adopted by the Secretary of War in his reference, it must nevertheless be held that the opinion of the Judge-Advocate-General in holding that the claim was not a pending one in the department over which the Secretary had jurisdiction was correct, and therefore the Secretary had no jurisdiction to transmit the claim to the court. Such reference could serve no purpose, and the defendants’ motion to dismiss is therefore sustained.
The clerk of the court is hereby directed to certify to the Secretary of War a copy of this opinion in accordance with the act under which the reference was made.