This is a pro se civilian pay case. Plaintiff Clifton Russell, a GS-13 Government employee, alleges the GS-13 position in which he worked from April 23, 1980, to November 30, *981 1980, should have been classified at GS-14. Immediately after plaintiff left that position, the employing agency, the Equal Employment Opportunity Commission, reclassified the position at GS-14. Thus, plaintiff reasons, he performed GS-14 duties during the relevant period but received only GS-13 pay. He brings suit to recover the additional pay.
Reduced to essentials, plaintiff is asking this court to constructively promote him to GS-14 and allow him to recover retroactive back pay from the United States. The United States, however, as sovereign cannot be sued except where the United States specifically has authorized that suit. Here, the only consent to suit arguably applicable is the Back Pay Act, 5 U.S.C. §5596 (1976 & Supp. IV 1980). The Back Pay Act authorizes suit to recover only the pay of the position to which the employee was actually appointed. Where, as here, the plaintiff argues that a position should be reclassified, that plaintiff is seeking to recover the pay of a higher position to which he has never been duly appointed. The United States has not consented to that suit and such a claim must be dismissed. E.g., United States v. Testan, 424 U. S. 392, 400, 405-407 (1976); Smith v. United States, 228 Ct. Cl. 168, 171, 654 F.2d 50, 52 (1981); Baker v. United States, 222 Ct. Cl. 263, 271-272, 614 F.2d 263, 268 (1980), and cases cited thereat. See also Garbacz v. United States, 228 Ct. Cl. 309 315, 656 F.2d 628, 633 (1981).
It is irrelevant, therefore, whether the employee actually performs the duties of the higher position. Cf. Wilson v. United States, 229 Ct. Cl. 510 (1981), (no constructive promotion is possible even though an employee, in a manner contrary to 5 U.S.C. §3341(b), actually was assigned to a higher position); Peters v. United States, 208 Ct. Cl. 373, 376-380, 534 F. 2d 232, 234-236 (1975) (same). It is similarly irrelevant that the agency reclassifies a position after the employee leaves it, for the employee must actually be appointed to a position before he is entitled to receive the pay of that position. Plaintiff here was appointed to a GS-13 position and received fully the compensation of that position. He was never duly appointed to a GS-14 position. It follows that he is entitled to nothing beyond that which he has already received. This petition must be dismissed.
*982 it is therefore ordered that the petition be and is hereby dismissed.