This civilian pay case comes before the court on cross-motions for summary judgment. The principal issues presented are whether plaintiffs claims are barred by the statute of limitations or fail to state a claim within the jurisdiction of this court. After consideration of the parties’ submissions, the defendant’s motion for summary judgment is granted, and the plaintiffs cross-motion for summary judgment is denied.
On December 20,1971, the plaintiff, James E. Brown, was discharged from his civil service position with the Department of the Army in Worms, West Germany. It is also on this date that the Department of the Army allegedly implemented a policy of denying the plaintiff, a 10-point veteran preference eligible, the opportunity to place his name on U.S. Army employment lists. Furthermore, on December 22, 1971, the plaintiff was discharged from his employment with the Big Bend Community College in Worms, West Germany, allegedly because the Department of the Army threatened to cancel government contracts with the college if it did not terminate plaintiffs employment.
Plaintiff challenged the loss of his civil service position under the Department of the Army’s Grievance and Appeals System. His appeal was successful, and he was restored to his civil service position on June 14,1972.
On November 4,1973, the plaintiff was transferred to the Army Engineer Command at Frankfurt, West Germany. The plaintiff alleges that at this post he performed the duties of a higher-graded position from June 1, 1974, until April 28, 1981, when he was appointed to a position in the United States.
Because of this series of events, the plaintiff filed a pro se petition on December 10,1979, and an amended petition on April 30, 1981. The amended petition asserts five claims against the United States. In count I, the plaintiff seeks compensation under the Back Pay Act, 5 U.S.C. § 5596 (1976 & Supp. IV 1980), for the period of time between his *997 discharge from his civil service position and his eventual reinstatement. In count II, he seeks damages for the alleged taking of his liberty and property rights to hold private employment (with Big Bend Community College). In count
III, the plaintiff contends that defendant’s refusal to place his name on the Army’s employment lists violates the Veterans’ Preference Act of 1944, Pub.L. No. 359, 58 Stat. 387 (codified in scattered sections of 5 U.S.C.). Consequently, he seeks a money judgment based on the differential in salaries between the positions he actually occupied and those to which he might have been appointed if he had been placed on the employment lists. Finally, in counts IV and V of his amended petition, the plaintiff alleges he performed the duties of a higher-graded position for more than 120 days in violation of 5 U.S.C. § 3341 (1976)[1] and that the civilian personnel officer’s refusal to promote him to the higher-graded position was in bad faith. He thus seeks the differential in salaries between the higher-graded position and the position he actually occupied.
We hold that counts I and II are barred by the statute of limitations. Furthermore, the claims asserted in counts III,
IV, and V are not within the jurisdiction of this court as no constitutional provision, statute, or regulation mandates compensation from the government for the alleged violations.
Under 28 U.S.C. § 2501 (1976), a claim must be filed before this court within 6 years after it first accrues. "A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.” Oceanic S.S. Co. v. United States, 165 Ct. Cl., 217, 225 (1964).
Count I establishes that plaintiff was terminated from his civil service position in December 20, 1971, and reinstated on June 14, 1972. As these events occurred more than 6 *998 years before plaintiffs petition was filed on December 10, 1979, it is clear that count I is barred by the statute of limitations.
Count II is also barred. The plaintiffs cause of action accrued on December 22, 1971 — the date Big Bend Community College terminated his employment.
In order to avoid the application of the statute of limitations, the plaintiff asserts two counterarguments. Neither has merit.
First, plaintiff contends that his pursuit of administrative remedies in connection with counts I and II tolled the running of the statute of limitations. It is the general rule, however, that "[w]here the filing of an administrative claim or other proceeding is not made a statutory prerequisite to suit but is only permissive, the statutue of limitations is not tolled by the pendency of such a claim.” Camacho v. United States, 204 Ct. Cl. 248, 259, 494 F.2d 1363, 1369 (1974). Because the administrative remedies pursued by the plaintiff were permissive and not mandatory,[2] the statute of limitations was not tolled while these remedies were pursued. See Steel Imp. & Forge Co. v. United States, 174 Ct. Cl. 24, 355 F.2d 627 (1966).
Second, the plaintiff argues that the running of the statute of limitations was tolled because his claims accrued while he was in West Germany. He invokes the "beyond-the-seas” exception to 28 U.S.C. § 2501 which states that a "petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.”
The tolling effect of the beyond-the-seas doctrine, however, is terminated by a re-entry into the United States, and a subsequent departure does not prevent the running of the statute of limitations. See Savage v. United States, 23 Ct. Cl. 255 (1888). Because plaintiff returned to the United States in January 1973 for a 2-month visit, the statute of limitations began to run at that time and was not tolled by *999 his subsequent return to West Germany. Plaintiffs cause of action on counts I and II therefore expired before he filed his petition with this court on December 10, 1979.
Also, the claims asserted under counts III, IV, and V of the plaintiffs amended petition are not within the jurisdiction of this court. Each claim fails to state a constitutional provision, statute, or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.” Eastport S.S. Corp v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967).
In count III, the plaintiff alleges that the defendant’s failure to place his name on Army employment lists violated the Veterans’ Preference Act of 1944. This court has held, however, that a violation of the provisions of the Veterans’ Preference Act that establish applicant eligibility lists does not mandate an award of money damages from the government. See Mack v. United States, 225 Ct. Cl. 187, 635 F.2d 828 (1980), cert. denied, 451 U.S. 912 (1981). Therefore, plaintiffs claim is not within the jurisdiction of this court.
Finally, the plaintiff claims he performed the duties of a higher-graded position for more than 120 days in violation of 5 U.S.C. § 3341 (1976). He therefore seeks compensation equal to the salary differential between the higher-graded position and the position to which he was actually appointed.
It is clear that this court has no jurisdiction over this claim. The Supreme Court has held that neither the Classification Act, 5 U.S.C. § 5101 (1976), nor the Back Pay Act, 5 U.S.C. §5596 (1976 & Supp. IV 1980), creates a substantive right to back pay for the period of a claimed wrongful classification. See United States v. Testan, 424 U.S. 392, 407 (1976). Thus, a federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position. See Russell v. United States, 230 Ct.Cl. 980 (1982); Baker v. United States, 222 Ct. Cl. 263, 271-72, 614 F.2d 263, 268 (1980).
Notwithstanding this precedent, the plaintiff argues that this court has jurisdiction over his claim because the *1000 civilian personnel officer acted in bad faith when he failed to promote plaintiff to a higher-graded position. Plaintiff, however, has failed to offer any evidence that suggests bad faith; therefore, the court need not decide whether a bad faith exception to the constructive promotion doctrine exists. Plaintiffs claims for compensation are thus outside the jurisdiction of this court.
it is therefore ordered, upon consideration of the parties’ submissions, without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment is denied. The petition is dismissed.

 Section 3341 states that:
"(a) The head of an Executive department or military department may detail employees among the bureaus and offices of his department, except employees who are required by law to be exclusively engaged on some specific work.
"(b) Details under subsection (a) of this section may be made only by written order of the head of the department, and may be for not more than 120 days. These details may be renewed by written order of the head of the department, in each particular case, for periods not exceeding 120 days.”

 With respect to count I, the plaintiff appealed to the General Services Administration, the Department of the Army, the United States Civil Service Commission, and the General Accounting Office.
With respect to count II, the plaintiff apparently pursued administrative remedies before the United States Army Civilian Appellate Review Office and the Equal Employment Opportunity Commission.