William G. SMUCK

v.

The UNITED STATES.

No. 258–82C.

United States Claims Court.

May 11, 1984.

---

---

Barry W. Finkel, Warrensburg, Mo., for plaintiff.

Mary Mitchelson, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. Thomas J. Fiscus, U.S. Air Force, Washington, D.C., of counsel.

## OPINION

WOOD, Judge:

In this action, commenced May 24, 1982, plaintiff, a former United States Air Force Reserve officer involuntarily released from active duty in 1975, following his nonselec-

1. Section 2501 provides in pertinent part as follows: "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

tion for promotion to the temporary grade of major by a selection board convened in 1974, sues to recover the basic pay and allowances of a captain from and after the date of his release from active duty. He asserts that the said selection board was not lawfully constituted, and that his release was therefore invalid. *See Stewart v. United States,* 222 Ct.Cl. 42, 611 F.2d 1356 (1979).

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief may be granted, asserting that the claim is barred by limitations. 28 U.S.C. § 2501 (1982). Plaintiff has opposed the government's motion, asserting that because of the "beyond the seas" exception of section 2501, his claim is not untimely.[1]

The material facts are not in any dispute. On the undisputed facts and the law, defendant's motion to dismiss (to be treated, pursuant to RUSCC 12(b), "as one for summary judgment and disposed of as provided in Rule 56 * * * ") is granted.

## I

On July 31, 1975, plaintiff, then serving on active duty in the United States Air Force as a captain, was released from active duty because he had been considered for promotion to the temporary grade of major by a selection board which convened in October 1974, but had not been selected for promotion by that board. Immediately following his release from active duty, he accepted civilian employment with the United States as a recreation director at RAF Lakenheath, England. He was so employed overseas from August 1, 1975, to October 28, 1980, when he returned to the United States to assume a position as Chief, Recreation Services, Whiteman Air Force Base, Missouri.

The complaint herein was filed May 24, 1982, well within three years after the date plaintiff's overseas employment terminated

* * * * * *
"A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases. * * *"

and he returned to work in this country. While employed overseas, however, plaintiff admittedly returned to the United States on several occasions. He visited the United States in both 1975 and 1976, being here for Christmas vacation from December 19, 1975 to January 10, 1976, and again from December 14, 1977 to January 12, 1978.[2]

## II

In the present posture of this case, the single issue is whether or not plaintiff's claim is barred by limitations. Plaintiff does not contend that his complaint was filed within six years after his claim first accrued.[3] *Cf. Willcox v. United States*, 3 Cl.Ct. 83 (1983) (appeal pending); *Hannon v. United States*, 3 Cl.Ct. 89 (1983), *aff'd*, 732 F.2d 168, Fed.Cir., 1984. His position is, rather, that the complaint was filed "well within the three year grace period given by the 'beyond the seas' disability and thus * * * was timely filed." Plaintiff concedes that he twice returned to the United States more than three years prior to May 24, 1982, but he nonetheless asserts that this action should not be held time-barred because his stays in this country were relatively brief. The contention has no merit.

In *Brown v. United States*, 231 Ct.Cl. 995, 998 (1982), the Court of Claims, faced with substantially identical factual circumstances, held that "the tolling effect of the beyond-the-seas doctrine * * * is terminat-

ed by a re-entry into the United States, and a subsequent departure does not prevent the running of the statute of limitations. *See Savage v. United States*, 23 Ct.Cl. 255 (1888)." That holding is apposite, and controlling. When plaintiff returned to the United States in 1975, the statute of limitations began to run, and the period of limitations was not tolled by his subsequent return to England. *Brown v. United States, supra; see* also *James E. Brown v. United States*, 5 Cl.Ct. 1, 7, n. 10 (1984); *United States v. Greathouse*, 166 U.S. 601, 17 S.Ct. 701, 41 L.Ed. 1130 (1897); *Faw v. Roberdeau's Executor*, 7 U.S. (3 Cranch) 174, 2 L.Ed. 402 (1805); *Savage*, 23 Ct.Cl. at 267.

This action was not commenced until more than six years after plaintiff's claim first accrued, and more than three years after any tolling effect of the "beyond the seas" exception to section 2501 was terminated by plaintiff's entry into the United States. It is accordingly time-barred. *See Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Plaintiff's complaint will be dismissed pursuant to RUSCC 58.

---

**2.** Plaintiff also spent more than a month in the United States in 1979. The last trip was, however, within three years prior to the filing of his complaint.

**3.** As defendant's brief reflects, plaintiff's complaint alleges that because defendant "intentionally did not reveal to the public the composition of [plaintiff's 1974] selection board until forced

to do so through discovery * * *" in another case, he was for a time unaware of the board's composition. In opposing defendant's motion based on limitations, however, plaintiff does not brief or argue this point, and is therefore "deemed to have abandoned it." *Nossen v. United States*, 189 Ct.Cl. 1, 18, 416 F.2d 1362, 1371 (1969), *cert. denied*, 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970).