FIELD *against* DICKINSON.

ERROR *to Pulaski Circuit Court.*

The term "beyond seas," in the statute of limitations, means "beyond the jurisdiction of the State;" and applies as well to foreigners who have never come within our jurisdiction, as to our own citizens who are absent.

This was an action of assumpsit brought by Dickinson vs. Field. The defendants pleaded *non assumpsit* and *actio non accrevit* within five years next before the institution of the suit. To this plea, Dickinson replied, that, when the causes of action accrued, he was beyond seas, to wit: beyond the limits of this State, and so had thenceforward ever continued to be, and then was, beyond seas. To this replication the defendant demurred. The demurrer was overruled, and thereupon the defendant below rejoined, in substance, that when the supposed causes of action accrued, the plaintiff was, and still is, a citizen of the State of Kentucky, and resident therein; and was not, nor is, a citizen of this State, or late Territory of Arkansas, or resident herein; and that the defendant was, at the time when the supposed causes of action accrued, a citizen of the same State of Kentucky, and resident therein, and that the said supposed causes of action accrued in the said State of Kentucky, and not in this State, or late Territory of Arkansas, and that after the supposed causes of action accrued, the defendant removed to the late Territory, and now State of Arkansas, and became, and ever since then remained, and still is, a citizen thereof, and that more than five years have elapsed after the said defendant so became a citizen of the said late Territory, and now State of Arkansas, next before the commencement of this suit. To this rejoinder the plaintiff below demurred, which demurrer was sustained; and there was *judgment* for the plaintiff below upon the issue joined to the plea of non assumpsit.

ASHLEY & WATKINS, for plaintiff in error:

The question arising upon this record, is upon the sustaining the

demurrer of the plaintiff to the rejoinder of the defendant, in the Court below, and is one turning wholly upon the construction of our statute of limitations, *Steele vs. McCamp, Dig. p.* 381, in force at the commencement of this suit, and applicable to the case.

The statute, after enumerating the period of limitations to the several actions, provides, sec. 2d, "that, if any person, who is entitled to any of the before mentioned actions, be, at the time of the cause of action accruing, within the age of twenty-one years, a married woman, of unsound mind, or imprisoned, or beyond sea, or absent from the United States, such person may bring such action, within such times as are before limited, after the respective disabilities are removed." And sec. 5 provides, "that, if any defendant to any civil or criminal cause, hereinbefore cited, absconds or conceals himself, or by removal out of the district, [county,] or Territory, where he resided when such cause of action accrued, or by any other indirect means, defeats or obstructs the bringing or maintaining all or any of the aforesaid actions within the respective times limited by this act, such defendant shall not be permitted to plead this act in bar to any suit, action, indictment, or information."

The plaintiff in error contends, that, upon a correct construction of this statute, his rejoinder to the replication to his plea is good and sufficient to bar the action. We remark, that statutes of limitations, or, as they are termed, statutes of repose, are to be favorably and beneficially construed; and are not so much designed to benefit the party seeking to avail himself of their provisions, as to quiet the revival of state contentions, and promote the general good. Statutes of limitations are peculiarly local in their operation. They are the law of the forum, and affect the remedy, wherever it is sought to be enforced, without reference to the domicil of the parties, or the law of the place where the contract was made or to be enforced.

We assume it to be the correct construction of the statute, that it was passed solely in reference to the citizens of our own Territory, and such foreigners as voluntarily come within our jurisdiction, and submit themselves to our laws, either in the prosecution or defence of their rights. When the statute, therefore, gives to the plaintiff, who is beyond seas, or beyond the limits of this State when the cause of

Field *against* Dickinson.          -

action accrued, such a length of time, after that disability is removed, within which to commence his suit, it has reference to causes of action which accrued in our own Territory or State, and to our own citizens who may happen at such time to be involuntarily abroad, and that such disability should have no reference or saving application to causes of action which accrued abroad, or to plaintiffs who never were citizens of this State.

In regard to transitory actions, and suits brought by non-residents, all we ask, upon a fair construction of the statute, is, that, when they submit themselves to our forum, that they should be subject to the same rule as our own citizens.  The plaintiff in error said, in the Court below, that the cause of action, if any, accrued in Kentucky, of which State both he and the plaintiff below were then citizens; that, afterwards, he removed to the late Territory, now State of Arkansas, and ever after continued to reside here; and, that he so resided here more than five years next before the commencement of this suit. Suppose that Dickinson had removed to Arkansas when Field did, and now brought this suit: clearly he would have been barred by the statute.  If, being a citizen of Arkansas, he would have been barred, why is it that he is not barred now?  Our forum was as much open to him five years ago as it is now, unless he could show some fraudulent evasion or concealment on the part of the plaintiff in error, which is not pretended to exist.  If, also, on the other hand, this same cause of action had accrued to Field vs. Dickinson, and, under the circumstances, Dickinson had come within our jurisdiction, and subjected himself to be sued by Field, this same defence of *actio non accrevit*, according to the period fixed by our own statute of limitations, would have been available to him.

The construction of the statute, as claimed by the defendant in error, is simply this: that, because he was beyond seas, within the literal wording of the statute, at the time the cause of action accrued, the statute never does begin to run against him until that disability is removed, or until his return from beyond seas.  But is that disability removed, or has Dickinson returned within the meaning of the statutes? The pleadings show not only that he never was a citizen of this State, or late Territory, but that he still is a citizen and resident of Ken-

tucky. He returns, then, merely for the purpose of instituting this suit, which he could long since have done. If this construction claimed be correct, there is no period of limitation whatever, to suits commenced by foreigners or non-residents. They continue abroad for any number of years, and dormant causes of action remain suspended, as it were, during their own pleasure. All beneficial operation of the statute in quieting state controversies, and preventing positive injustice by the revival of old and satisfied claims, is defeated by such a construction, independent of the invidious distinction it creates between our own citizens and foreigners.

We are aware of the construction, in this respect, which has been put, by numerous decisions upon the English statutes, from which ours is copied; but we exclaim against the injustice of that construction, and the feeling in which such a palpable evasion of the spirit and intention of the statute originated. These statutes are more favored now than formerly; and we claim that adjudications, in other States, are not to be of binding authority, when we perceive they are to entail upon us a long course of error, and while we yet have the power to settle the law, as we believe it should be.

PIKE, *Contra:*

The only question in this case is, whether the saving clause as to persons beyond seas, in the Territorial statute of limitations, includes as well persons who have never resided in, or been within, the State, in suits or contracts made beyond the State, as citizens of the State, who have been temporarily absent.

The plaintiff in error claims, that, as the contract here sued on was made, and the cause of action accrued, in Kentucky, where both parties then resided; and as the plaintiff below has ever been, and still is, a citizen of Kentucky, he is bound by the statute.

The saving clause is in these words: "If any person, who is entitled to any of the before mentioned actions, be, at the time of the cause of action accruing, within the age of twenty-one years, a married woman, of unsound mind, or imprisoned, or beyond seas, or absent from the United States, such person may bring such action within such times as are limited after the respective disabilities are removed."

The expression "beyond seas," in a statute like ours, is now indisputably settled to mean "beyond the limits of the State." See, for this, *S'elby vs. Guy*, 11 *Wheaton*, 361; *Bank of Alexandria vs. Dyer*, 14 *Peters*, 141.

That the proviso in the statute applies as well to persons who have never been in the state, as to our own citizens who have been absent, is a principle too clearly settled to be now shaken. It has been so held in England, in *Stritherst vs. Graeme*, 3 *Wils.*, 145; *S. C.*, 2 *W. Bla.*, 723; *Williams vs. Jones*, 13 *East.*, 449.

In Massachusetts it has been so decided; and that even if the plaintiff has had an agent within the State, still the proviso operates. *Hall vs. Little*, 14 *Mass.*, 203; *Wilson vs. Appleton*, 17 *Mass.*, 180; *Bulger vs. Rocke*, 11 *Pick.*, 39. And it is the same where the word "return" is used. *Bulger vs. Rocke*, 11 *Pick.*, 40; *Dwight vs. Clark*, 7 *Mass.*, 515.

The same point has been ruled in New-York, although the statute there provides that the action may be brought within a certain time after the defendant's "return" into the State." *Ruggles vs. Reeler*, 3 *J. R.*, 264.

So in the Circuit Court of the United States, in *Chonequa vs. Mason*, 1 *Gallis.*, 342.

And, finally, in the Supreme Court of the United States, in *Bank of Alexandria vs. Dyer*, 14 *Peters*, 141.

DICKINSON, *Judge*, delivered the opinion of the Court:

The demurrer to the rejoinder of the plaintiff, below, raises the question, whether or not the statute of limitations will run against a party who has never come within the limits of our State. The statute does not commence running until a complete cause of action has accrued, and this occurs when the debt or duty can be put in suit, and there is a party capable of suing. Whenever the statute commences running, it does not stop for any obstacle, but continues to run on.

Statutes of limitations are municipal regulations founded upon local policy; and as they regard the remedy, and not the right of contract, they possess no binding power beyond the jurisdiction of the particular States or governments that enact them. As they do not enter into,

or form any part of, the contract, the *lex fori*, and not the *lex loci*, applies in their interpretation.    A foreign statute of limitations cannot, therefore, be pleaded to a suit instituted here; and so it has been repeatedly ruled by all the English and American decisions.

In the present case, both the plaintiff and defendant resided beyond the limits of the State when the contract was entered into.    Since that time, the plaintiff in error has removed to this State, where he now resides; the defendant still continuing to be a citizen of Kentucky.

To the defendant's plea of the statute of limitations, the plaintiff replied, that he was saved from its operation, because he has always been a citizen of another State.    This case arose under our Territorial statute of limitations, but we apprehend the principle we are about to lay down will apply, with equal force, to the statute of limitations under our state government.    *Steele & McCamp. Dig.* 381, *sec.* 1 *and* 2.

The statute, after enumerating the class of cases in which it will run, and which embraces the cause of action now under consideration, contains, in express words, a saving in favor of infants, married women, persons of unsound mind, and persons residing *beyond seas*. These classes of persons the Legislature saved from its operation, until after their disabilities should be removed.

The enquiry now is, what is the meaning of the term *beyond seas?* This proviso is not contained in the statute of 21st James, and in the case of *Dupleen vs. De Rose*, 2 *Ver.*, 154.    Lord Chief Justice Cowper remarks, " that it was plausible and seasonable that the statute of limitations should not take place, nor the six years be running, until the parties came within the cognizance of the laws of England, but that that must be left to the Legislature."

The term beyond seas first occurs in the proviso of the statute of Ann, from which our statute of limitations is derived.    In England, the term meant persons who resided out of the realm, and, as such, they were declared to be beyond seas, whether they were either native born citizens or foreigners.

The expression beyond seas has received, in our country, a fixed and determined meaning.    It is now well settled, that it applies to persons who are beyond the jurisdiction of the state; as well to

Field *against* Dickinson.

foreigners who have never come within the jurisdiction, as to our own citizens who may be absent, and against whom the statute never commenced running.

The different members of our confederacy are regarded in the light of foreign governments, so far as their own municipal regulations are concerned; and therefore, the citizens of one state cannot be barred by the statute of limitations of another state, unless they bring themselves within its jurisdiction; and so it has been repeatedly ruled by all the authorities. *Shelby vs. Guy,* 11 *Whea.,* 361; *Bank of Alexandria vs. Dyer,* 14 *Pet.,* 141; *Stritfort vs. Graeme,* 3 *Wil.,* 145; *Williams vs. Jones,* 13 *East.,* 449; *Hall vs. Little,* 4 *Mass.,* 203; *Ruggles vs. Keeler,* 3 *J.,* 269; *Chonequa vs. Mason & Brown,* 3 *Gall.* 342.

The application of the principle here stated, clearly shows that the cause of action of the plaintiff below, is saved by the proviso of our statute, and consequently the defendant's rejoinder to the replication must be adjudged insufficient, because it does not contain any matter that will defeat the cause of action.

The judgment of the Court, below, is therefore affirmed, with costs.