FRANKE v. MURRAY.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1918.)

No. 5053.

1. ARMY AND NAVY ⬅═20 — CONSTITUTIONAL LAW ⬅═62 — DELEGATION OF LEGISLATIVE POWERS—AUTHORITY.

Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, is valid, in so far as it authorizes the President to make rules and regulations for its enforcement having the effect of law, and is not open to attack as a delegation of legislative authority.

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ARMY AND NAVY ☞20—"DESERTERS"—WHO ARE—"PERSONS SUBJECT TO
   MILITARY LAW."
        Selective Draft Act, § 2, provides that all persons drafted into the
   service of the United States shall, from the date of the draft or ac-
   ceptance, be subject to the laws and regulations governing the regular
   army. Articles of War (Rev. St. § 1342, as amended by Act Aug. 29, 1916,
   c. 418, § 3) art. 2, 39 Stat. 651 (Comp. St. 1916, § 2308a), declares that
   all officers and soldiers belonging to the regular army, all volunteers,
   from the date of their muster or acceptance, and all other persons law-
   fully called, drafted, or ordered into or to duty or for training in the serv-
   ice, from the dates they are required by the terms of the called draft or or-
   der, are persons subject to military law. Held, that one certified into
   military service under the Draft Act is from the date of the draft sub-
   ject to military law, and to punishment as a deserter on account of
   his refusal to obey the summons.
        [Ed. Note.—For other definitions, see Words and Phrases, First and
   Second Series, Deserter.]

3. ARMY AND NAVY ☞20—ARMY—OATH OF ENLISTMENT.
        Articles of War, art. 109, requiring every soldier at the time of his
   enlistment to take an oath of allegiance, applies only to voluntary en-
   listment, and one certified into military service under the Selective Draft
   Act cannot escape liability to military law because he had not taken
   the required oath.

4. ARMY AND NAVY ☞20 — PUNISHMENT — VIOLATION OF SELECTIVE DRAFT
   ACT.
        The provision of Selective Draft Act, § 6, that it shall be a misdemean-
   or to violate any of the provisions of the act or regulations made there-
   under, does not preclude punishment under military law by one sub-
   ject thereto, because he was duly certified into the service; the section
   itself expressly excepting those subject to military law.

5. ARMY AND NAVY ☞20—CONSTITUTIONAL LAW ☞318—DUE PROCESS OF
   LAW—WHAT CONSTITUTES.
        While, under the Selective Draft Act, questions of exemption on ac-
   count of membership in a religious sect opposed to war is for determina-
   tion of the local and district boards, and their finding cannot be review-
   ed by the courts, unless they were without jurisdiction or denied a fair
   hearing, registrants are not deprived of due process of law.

6. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—EXEMPTIONS.
        The determination by local and district boards provided for by the
   Selective Draft Act of questions of exemption is conclusive, and can-
   not be reviewed by the courts, unless the boards were without jurisdic-
   tion, or a fair hearing was denied.

7. ARMY AND NAVY ☞20—STATUTES ☞158, 159—REPEAL—EFFECT.
        Repeals by implication are never favored, and only when the two acts
   are totally inconsistent will the older be held repealed by the later.
   Therefore Articles of War, art. 2, defining persons subject to military
   law, is not repealed by section 6 of the Selective Draft Act, declaring
   that a violation of any of the provisions of the act shall be a misde-
   meanor.

Appeal from the District Court of the United States for the East-
ern District of Missouri; David P. Dyer, Judge.

Petition by Robert Henry Franke for writ of habeas corpus against
Col. Cunliff H. Murray. From a judgment discharging the writ and
remanding petitioner to custody, he appeals. Affirmed.

The appellant, a citizen of the United States, between the age of 21 and
31, filed a petition for a writ of habeas corpus, alleging that he is unlaw-
fully imprisoned and deprived of his liberty by the respondent, commandant

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Jefferson Barracks, in the county of St. Louis, state of Missouri. He stated in his petition that he was duly enrolled and registered under the act of Congress of May 18, 1917, known as the "Selective Draft Act"; that subsequently he was informed by notice from the local board that he had been drafted for service in the military establishment of the United States under said act of Congress; that in response to said notice he attended upon said board, and claimed exemption under the terms of said act, on the ground that he was a member of a well-recognized religious sect and organization, whose principles and creed forbid its members participating in war in any form, and that his religious convictions were against war or participation therein, which claim was by the board rejected; that, having been found physically qualified for service, he was duly notified to report for transportation to a military encampment of the United States, for the purpose of being assigned to duty as a member of said military establishment of the United States; that he refused to appear in response to the notice given him, whereupon he was arrested and taken into custody by direction of the board, and turned over to the respondent as a deserter from the army of the United States, to be tried by a court-martial; that his detention is without due process of law and in violation of the Constitution.

Upon presentation of the petition, a writ of habeas corpus was granted by the District Court. The respondent produced the appellant and made a return to the writ, denying that the petitioner was a member of any religious sect or organization whose creed and principles forbade its members to participate in war in any form. The response also set up all the steps which were taken by the board, and which were in strict conformity with the act of Congress and the mobilization regulations of the President of the United States. To this return the petitioner filed what may be termed a reply, denying that he deserted the military service of the United States, and that he was a deserter, as he never was in the military service of the United States, never having taken the oath as a soldier. The hearing was had on the pleadings, no evidence being introduced by either party, whereupon the writ was discharged, and the appellant remanded to the custody of the respondent. From this judgment this appeal is being prosecuted.

Chester H. Krum, of St. Louis, Mo. (Kurt von Reppert, of St. Louis, Mo., on the brief), for appellant.

Lieut. Col. Nathan William MacChesney, Judge Advocate, N. A., U. S. Army, of Chicago, Ill., and Walter N. Davis, Sp. Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., and Joseph Wheless, both of St. Louis, Mo., and William J. Martin, of Chicago, Ill., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). The grounds upon which it is sought to reverse the judgment of the court below are: (1) That in order to be a deserter one must be in the actual military service, and that until he has been sworn in as a soldier he has not lost his status as a civilian. (2) If he has committed any offense, or violated any of the laws of the United States, he subjected himself to civil prosecution only, under the provisions of section 6 of the Conscription Act. (3) That Congress had no power to authorize the President to make any rules and regulations which should have the effect of law, that being a delegation of legislation which is not permissible under the Constitution.

[1] As to the last claim, it is sufficient to say that it was adversely

disposed of by the Supreme Court in Arver v. United States, 245 U. S. 366, 38 Sup. Ct. 159, 62 L. Ed. ——, opinion filed January 7, 1918.

[2] To sustain the first proposition, counsel rely on Houston v. Moore, 5 Wheat. 1, 5 L. Ed. 19, and In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636. Neither of these cases is applicable to the issues in this case, or the acts of Congress under which appellant is held. In Houston v. Moore the question before the court was, whether a statute of the state of Pennsylvania, which provided that a militiaman of that state was subject to trial by a court-martial of the state for failing to respond when called, was constitutional. The contention was that Congress alone had that power, and a statute of a state is therefore unconstitutional. This was denied by the highest court of the state of Pennsylvania, and upon writ of error to the Supreme Court of the United States that judgment was affirmed; the court holding that, in the absence of action by Congress, the state possessed that power.

In Re Grimley the only question involved was that of a voluntary enlistment, hence does not apply to a Selective Draft Act, such as is the act of Congress of May 18, 1917. McCall's Case, Fed. Cas. No. 8,669. Section 2 of the Selective Draft Act provides:

"All persons drafted into the service of the United States * * * shall, from the date of said draft or acceptance, be subject to the laws and regulations governing the regular army."

This, of course, includes the Articles of War, as members of the regular army are subject to trial by court-martial. Article 2 of the Articles of War (section 1342, Rev. St., as amended by Act Aug. 29, 1916, c. 418, 39 Stat. 650, U. S. Comp. St. 1916, § 2308a) provides:

*Persons Subject to Military Law.* The following persons are subject to these articles and shall be understood as included in the term 'any person subject to military law,' or 'persons subject to military law,' whenever used in these articles: Provided, that nothing contained in this act, except as specifically provided in article two, subparagraph (c), shall be construed to apply to any person under the United States naval jurisdiction, unless otherwise specifically provided by law.

"(a) All officers and soldiers belonging to the Regular Army of the United States; all volunteers, from the dates of their muster or acceptance into the military service of the United States; *and all other persons lawfully called, drafted or ordered into, or to duty or for training in, the said service, from the dates they are required by the terms of the call, draft or order to obey the same.*"

There is therefore no room for doubt that, under the Selective Draft Act and the Articles of War, the appellant having been drafted into the service of the United States, he became from the date of said draft, and certainly after acceptance and notice, subject to the laws and regulations governing the regular army, including the Articles of War. The laws governing voluntary enlistments cannot be applied to involuntary enlistments by draft or conscription.

[3] It is also claimed that the time when he became a soldier, within the meaning of the law, is regulated by article 109 of the Articles of War. But that article only refers to voluntary enlistments. It reads, "At the time of his enlistment every soldier shall take the fol-

lowing oath or affirmation," and then follows the form of the oath. But as the petitioner did not enlist, but was drafted under the Selective Draft Act, this article does not apply.

[4] The claim that, if the petitioner committed any offense, he can only be prosecuted in a civil court, and that therefore a court-martial is without jurisdiction, is equally untenable. The contention of counsel is that, as section 6 of the Selective Draft Act makes it a misdemeanor to violate any of the provisions of the act or the regulations made thereunder, the appellant can only be tried in a civil court. But that section expressly excepts those subject to military laws. It therefore applies only to those "not subject to military laws," and as we hold that the petitioner is, under the Selective Draft Act, subject to military law, the contention must fail.

[5, 6] The claim of appellant that he is a member of a well-recognized religious sect or organization, whose creed and principles forbid the members participating in war in any form, cannot be raised in a collateral proceeding like this. That was a question to be determined under the act of Congress, first by the local board, and upon appeal by the district board. That provisions of this nature constitute due process of law, under the constitutional guaranty, has been frequently and uniformly held. That it applies to the act in question has been decided by the United States Circuit Court of Appeals for the Second Circuit in Angelus v. Sullivan, 246 Fed. 54, —— C. C. A. ——, and by District Courts in United States ex rel. v. Heyburn (D. C.) 245 Fed. 360, In re Hutflis, 245 Fed. 798, and United States ex rel. v. Finley, 245 Fed. 871. It is only when the action of such a board was without jurisdiction, or if, having jurisdiction, it failed to give the party complaining a fair opportunity to be heard and present his evidence, that the action of such a tribunal is subject to review by the courts. Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114. But no such claim is made by appellant. On the contrary, he admits in his petition that he had a fair opportunity to be heard and present his evidence.

[7] It is further claimed that article 2 of the Articles of War was repealed by implication by section 6 of the Selective Draft Act. But there is no merit in this claim. Repeals by implication are never favored, and only when the two acts are totally inconsistent and irreconcilable will the older act be held to be repealed by the later. No repugnancy has been pointed out by counsel, and none can be found. Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. 532, 39 L. Ed. 614; United States v. Greathouse, 166 U. S. 601, 17 Sup. Ct. 701, 41 L. Ed. 1130; Washington v. Miller, 235 U. S. 422, 428, 35 Sup. Ct. 119, 59 L. Ed. 295; Chase v. United States, 238 Fed. 887, 152 C. C. A. 21. In Washington v. Miller, the court said:

"Such repeals are not favored, and usually occur only where there is such an irreconcilable conflict between an earlier and a later statute that effect reasonably cannot be given to both."

The judgment of the District Court was right, and is affirmed.