### ALBERT HANSON LUMBER CO., Limited, v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1922.)

No. 3644.

1. **Eminent domain ⟨⟩⟨⟩8—Power to condemn not lost by conferring power to purchase.**

    The general grant of power, conferred by Act Aug. 1, 1888 (Comp. St. § 6909), on any officer charged with procuring property for a public use, to acquire it by condemnation, was not withdrawn, as respects the acquisition of the so-called Hanson Canal, in Louisiana, by Act July 25, 1912, authorizing the Secretary of War to purchase the canal for not to exceed $65,000; the conferring of the power to purchase not negativing the existing power to condemn.

2. **Eminent domain ⟨⟩⟨⟩47(1)—Power to condemn other public uses held to authorize condemnation of canal.**

    The general grant of power, conferred by Act Aug. 1, 1888 (Comp. St. § 6909), on any officer charged with procuring property for a public use, to acquire it by condemnation, held to authorize the condemnation of a canal as part of intracoastal waterway, by virtue of the term "other public uses."

3. **Constitutional law ⟨⟩⟨⟩80(1)—Act authorizing acquisition of canal for fixed sum not invasion of judicial power.**

    Act July 25, 1912, authorizing the Secretary of War to purchase, as part of an intracoastal waterway, the so-called Hanson Canal, at a cost not to exceed $65,000, is not an invasion of the judicial power, as undertaking to value the property.

---

⟨⟩⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Proceeding by United States to condemn property of the Albert Hanson Lumber Company, Limited. Judgment of condemnation, and the Lumber Company brings error. Affirmed.

E. Howard McCaleb, of New Orleans, La., and Emmett Alpha, of Franklin, La., for plaintiff in error.

Louis H. Burns, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. A proceeding was instituted in the name of the United States of America against Albert Hanson Lumber Company, Limited, in the United States District Court for the Eastern District of Louisiana, to condemn a described strip of land 300 feet wide which embraced a waterway known as the Hanson Canal. It resulted in a verdict and judgment condemning said property and fixing its value at $65,000.

The Lumber Company brings error, attacking said proceeding on several grounds, but mainly on the ground that no authority of law has been granted for maintaining a proceeding to condemn this piece of property. This property is sought to be taken for use as a part of an intracoastal waterway which is being developed along the coast of the Gulf of Mexico. The Hanson Canal extends from Bayou Teche, on the east, to Bayou Portage, on the west. By an act of Congress approved March 2, 1907 (34 Stat. 1073, c. 2509), entitled "An act making appropriations for the construction, repair, and preservation of certain public works on rivers and harbors, and for other purposes," the Secretary of War was authorized to contract for such material and works as may be necessary to improve an inland waterway channel from Franklin to Mermentau, La., to an amount therein stated.

By two similarly entitled acts, passed, respectively, in 1909 (35 Stat. 815, c. 264) and 1911 (36 Stat. 933, c. 166), changes of the route of such waterway were authorized, each act providing that no change of route should be made "unless the necessary right of way is secured to the United States free of cost." A report of engineers was made which recommended a change of route which would require the use of the Hanson Canal. Thereafter a similarly entitled act was approved on July 25, 1912, making an appropriation of the sum, and for the purpose shown, by the following provision:

"Improving Waterway from Franklin to Mermentau. * * * The Secretary of War is hereby authorized to purchase, for use as part of said waterway, the so-called Hanson Canal, in accordance with the recommendation made by the Chief of Engineers, at a cost not to exceed $65,000, to be paid out of funds heretofore appropriated for this project." 37 Stat. 201, 212.

The legislative history above recited makes it evident that when the developments of this waterway were begun the government did not propose to expend any money for the acquisition of rights of way, but that unless the right of way was donated, free of cost, the work

of construction and development of said intracoastal waterway would not proceed. However, in 1912, for reasons satisfactory to it, this purpose and policy of the government, as to the link in said waterway to be constructed by the use of the Hanson Canal, is entirely changed and express authority is conferred to purchase said property known as the Hanson Canal for a sum not to exceed $65,000.

It is insisted that the act of 1912 confines the power of the Secretary of War to acquiring this property, solely by agreement and contract of sale, and that it operates to withdraw from him all other power with which he may have been vested to acquire this property by condemnation proceedings. The question therefore is: Does such grant of power confine the method of purchase solely to voluntary bargain and sale, or does it leave unaffected the general grant of power conferred on any officer charged with procuring property for a public use to acquire it by exercising the right of condemnation?

Act Aug. 1, 1888, c. 728, 25 Stat. 357 (U. S. Comp. St. § 6909), provides:

"In every case in which the Secretary of the Treasury or any other officer of the government has been, or hereafter shall be, authorized to procure real estate for the erection of a public building or for other public uses he shall be, and hereby is, authorized to acquire the same for the United States by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the government to do so. And the United States Circuit or District Courts of the district wherein such real estate is located, shall have jurisdiction of proceedings for such condemnation, and it shall be the duty of the Attorney General of the United States, upon every application of the Secretary of the Treasury, under this act, or such other officer, to cause proceedings to be commenced for condemnation, within thirty days from the receipt of the application at the Department of Justice."

With this statute of force the Congress specifically authorized the Secretary of War to purchase for a public use this property known as the Hanson Canal at a cost not to exceed $65,000. It knew that under the Act of August 1, 1888, it had conferred on any public officer, authorized to procure real estate for any public use, authority to acquire the same for the United States by condemnation, whenever, in his opinion, it was necessary or advantageous to the government to do so. The legislative branch had determined that this property was needed for this public use and authorized its acquisition. It did not negative the power existing in the officer, authorized to purchase it, to condemn if he thought it advantageous to do so.

The question in this case is not whether, in the absence of a statute conferring any power on a public officer to initiate condemnation proceedings, the giving of authority to purchase certain real estate for public uses would confer authority upon him to acquire the same by condemnation, if he was unable to acquire it by contract, but whether an officer, who has general authority under a statute, when he may be authorized to acquire real estate for public uses, to institute condemnation proceedings whenever he considers such course necessary or advantageous, is deprived by implication of such authority, where he is authorized to purchase certain real estate for a public use at not exceeding a given price.

Repeals by implication are not favored. United States v. Greathouse, 166 U. S. 601, 605, 17 Sup. Ct. 701, 41 L. Ed. 1130. The true rule is to construe the statutes together, and that the giving of authority to purchase the real estate, there being no expression of purpose to withdraw, or limit, the existing power to resort to condemnation, left it within the power of the officer authorized to purchase, to resort to condemnation, if he deemed it necessary or advantageous. We therefore conclude that the proceeding to condemn was authorized by law, and the judgment therein is valid.

[2] Nor do we think that the power conferred by the act of August 1, 1888, would not confer power to condemn property required for the public use here designated. The grant of power is to any public officer authorized to procure real estate. Many acquisitions may be authorized for public purposes other than building sites and to be made by public officers in no way connected with the erection of structures. It is not probable that Congress, in extending this authority to all public officers, should have used the words "other public uses" in a less extended sense. The act has been recognized as extending to many uses. Chappell v. United States, 160 U. S. 499, 500, 16 Sup. Ct. 397, 40 L. Ed. 510; United States v. Beaty (D. C.) 198 Fed. 284; United States v. Gettysburg Electric Ry. 160 U. S. 668, 670, 16 Sup. Ct. 427, 40 L. Ed. 576.

[3] The contention of plaintiff in error that the act of 1912 undertakes to value such property, so as to invade the judicial power cannot be sustained. It is true that it appropriates only a certain sum which the Secretary can expend without further appropriation. But as the court properly charged the jury this did not fix the value of the property sought to be condemned, and that they should find a greater or less sum as the evidence might satisfy them as to the value. Upon this point the Supreme Court of the United States has said:

"The validity of the law is further challenged because the aggregate amount to be expended in the purchase of land for the park is limited to the amount of $1,200,000. It is said that this is equivalent to condemning the lands and fixing their value by arbitrary enactment. But a glance at the act shows that the property holders are not affected by the limitation. The value of the lands is to be agreed upon, or in the absence of agreement, is to be found by appraisers to be appointed by the court. The intention expressed by Congress, not to go beyond a certain aggregate expenditure, cannot be deemed a direction to the appraisers to keep within any given limit in valuing any particular piece of property. It is not unusual for Congress, in making appropriations for the erection of public buildings, including the purchase of sites, to name a sum beyond which expenditure shall not be made, but nobody ever thought that such a limitation had anything to do with what the owners of property should have a right to receive in case proceedings to condemn had to be resorted to." Shoemaker v. United States, 147 U. S. 282, 302, 13 Sup. Ct. 361, 390 (37 L. Ed. 170).

The charge of the court properly submitted to the jury the finding of the value of the property and there was evidence to support the finding.

The judgment of the District Court is affirmed.