### JEWETT & CO. v. UNITED STATES.
### No. 1921–A.

District Court, W. D. New York.
Jan. 26, 1937.

On Rehearing May 26, 1937.

Charles W. Strong, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Dunkirk, N. Y., of counsel), for the United States.

KNIGHT, District Judge.

Plaintiff sues to recover an allegedly illegal deficiency tax paid the Commissioner of Internal Revenue on account of an income tax assessment for the year 1926. No claim for a refund is alleged. The grava-

men of the alleged cause of action is the levying and collection of such assessment by the Commissioner of Internal Revenue in violation of an agreement made by him with plaintiff.

In the years 1925 and 1926 plaintiff filed returns for net incomes for the years 1924 and 1925 respectively. In such returns plaintiff made certain deductions as depreciation and obsolescence. The Commissioner of Internal Revenue disallowed such deductions for the entire period for which it was made and the rate at which made. Plaintiff appealed from the decision of the Commissioner to the Board of Tax Appeals, which rendered a decision on April 27, 1931, affirming the action of the Commissioner. On appeal to the Circuit Court of Appeals, this decision was reversed and the proceedings remanded to the Commissioner with instructions to annul the deficiency assessments for the years 1924 and 1925, and such assessments were annulled.

In March, 1927, plaintiff filed its return for the year 1926, and, as alleged, made certain deductions in the amount of $1,233.66 for depreciation and obsolescence for a similar period of time and at the same rate as made by the plaintiff in its returns for 1924 and 1925, and the Commissioner thereafter agreed in writing that the question of plaintiff's liability therefor should abide the event of the final determination of the question of liability for the assessments of 1924 and 1925. It is alleged that the same questions were involved in all the assessments and that in violation of such agreement the Commissioner gave plaintiff "formal notice," and plaintiff, in October, 1929, paid the aforesaid tax of $1,233.66. The appeal to the Circuit Court of Appeals was not decided till October 17, 1932. Jewett & Co. v. Com'r, 61 F.(2d) 471.

The defendant now moves to dismiss the complaint on the grounds that it fails to state a cause of action and that the court has no jurisdiction of the subject-matter of the complaint. This is based upon the fact that it is not alleged that any claim for a refund was filed and rejected, or that six months had expired from the date of the filing of any claim without any action having been taken by the Commissioner.

The statute is explicit. It provides that "No suit * * * shall be maintained * * * for the recovery of any internal-revenue tax alleged to have been * * * illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Commissioner," and, further, "No such suit * * * shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time." Sections 1672–1673, title 26 U.S.C. (26 U.S.C.A. §§ 1672–1673) R.S. § 3226, as amended. It is plain that the complaint contains no allegations to meet the requirements of this statute and that it is not based upon filing of any claim.

In the first place, defendant cannot be sued to recover the tax without its consent. Such consent is only authorized as provided by the statute quoted. The statutory remedy is exclusive and must be strictly followed. It was necessary that the plaintiff allege the conditions set forth in the statute. Synder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901. Additional equities alleged are not sufficient to take the case out of the statute. Dodge v. Osborn, 240 U.S. 118, 120, 36 S.Ct. 275, 60 L.Ed. 557. "Provisions in tax laws limiting the time within which the United States may enforce the payment of taxes * * * are to be interpreted liberally in favor of the taxpayers. * * * But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 285, 75 L.Ed. 598. The language of the decision in the case of United States v. Chicago Golf Club (C.C.A.) 84 F.(2d) 914, is specially applicable here.

"Literal compliance with statutory requirements * * *. may be insisted upon by the defendant, whether the collector or the United States." Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253, nor can it be waived. Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; United States v. Connor, 138 U.S. 61, 66, 11 S.Ct. 229, 34 L.Ed. 860; United States v. Greathouse, 166 U.S. 601, 17 S.Ct. 701, 41 L.Ed. 1130.

It is unfortunate, if the fact is as alleged, that the plaintiff was led to sleep on its rights by the action of the Commissioner, but we are concerned here with a suit against the United States and not against the Commissioner.

The motion is granted.

### On Rehearing.

Subsequent to the rendering of an opinion by this court herein, a rehearing was granted.

I see no reason to change the decision made. The only ground now urged, other than that heretofore presented, is laches. If, as held by me, the Commissioner could not waive the filing of a notice of claim to refund, it follows that laches could not be imputed to the government.

Plaintiff has cited numerous cases not heretofore considered on the question of waiver. It will be seen that these are cases in which some claim had been filed and the decisions are to the effect that an administrative officer might waive or stipulate an amendment. They are not in point here.

Motion to dismiss is granted.