## CHUCHURU v. CHUTCHURRU.

### No. 4070.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1950.

63

Charles A. Petrie, Montrose, Colo. (Bryant, Petrie & Waldeck, Montrose, Colo., on the brief), for appellant.

Walter W. Blood, Denver, Colo. (Bancroft, Blood & Laws, Martin J. Harrington and Robert C. Tallmadge, all of Denver, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This was an action instituted by Jeanne M. Chutchurru against Jean Chuchuru to

recover upon two promissory notes. The cause was tried to the court without a jury. Judgment was entered for plaintiff, and defendant appealed. For convenience continued reference will be made to the parties as they were denominated in the trial court, plaintiff and defendant, respectively.

The first question presented is whether the suit was barred by limitation. One of the notes was due December 31, 1940, one was due January 1, 1941, and the suit was filed December 3, 1948. Plaintiff was at all material times a citizen, resident, and subject of the Republic of France. Section 1, chapter 102, Colorado Statutes Annotated 1935, provides that all actions founded upon contract shall be commenced within six years after the cause of action shall have accrued, and not afterwards; and section 16 provides that if any person entitled to bring any of the actions mentioned in the chapter shall, at the time the cause of action accrues, be within the age of twenty-one years, or a married woman, insane, imprisoned, or absent from the United States, such person may bring the actions within the time the chapter respectively limited, after the disability shall be removed. It is the settled law in Colorado that courts look with favor upon statutes of limitation and construe them liberally. Van Diest v. Towle, 116 Colo. 204, 179 P.2d 984. On the other hand, it is the well established general rule that exceptions to the operation of a statute of limitation which toll its running in favor of persons under disability are to be strictly construed, and never extended beyond their plain import. Kenyon v. United Electric Railways Co., 51 R.I. 90, 151 A. 5; Bowman v. Lemon, 115 Ohio St. 326, 154 N.E. 317; Woodruff v. Shores, 354 Mo. 742, 190 S.W.2d 994; Rowray v. McCarthy, 48 Wyo. 108, 42 P.2d 54; Bock v. Collier, 175 Or. 145, 151 P.2d 732, 733.

Relying upon the rule that exceptions to the operation of a statute of limitation are to be strictly construed, plaintiff argues that in the enactment of section 16, supra, the legislature had in mind and intended to deal only with disabilities which are temporary in nature and may be removed at some time; that the disability of a non-resident of the United States is seldom temporary in nature; that the words "absent from the United States" connote a previous presence in the United States; and that since plaintiff is a non-resident of the United States and was never in the country, she does not come within the scope of the tolling provisions of the statute. The meaning of words in a statute is frequently affected by their context. Sometimes words which standing alone might have one meaning, when joined with others and veiwed in the light of the entire statute, should be given a wider or more narrow meaning if it is apparent that the legislature intended to use them in that manner. But ordinarily, courts in the interpretation of statutes will presume that the legislature intended to use words in their usual, everyday, well-understood meaning. Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40.

Section 16 does not speak in specific terms of residents of Colorado or of the United States who are absent from the United States as distinguished from non-residents. Neither does it contain language which excludes by specific delineation non-residents of the United States who have never been in the country. Instead, it merely provides in presently pertinent part if any person entitled to bring any action mentioned in the chapter is absent from the United States at the time the cause of action accrues he may bring the action within the time limited in the chapter after the disability has been removed. And in the absence of a more definite expression to that effect, we fail to find any basis on which to construe the particular provision in the statute as indicating a legislative purpose to include therein only residents of Colorado or of the United States who are temporarily absent from the United States at the time of the accrual of the cause of action and to exclude therefrom non-residents. Field v. Dickinson, 3 Ark. 409; Wakefield v. Smart, 8 Ark. 488; Hall v. Little, 14 Mass. 203; Wilson v. Appleton, 17 Mass. 180; Goetz v. Voelinger, 99 Mass. 504; Wolf v. District

Grand Lodge No. 6, etc., 102 Mich. 23, 60 N. W. 445; Keech v. Enriquez, 28 Fla. 597, 10 So. 91. And compare, United States v. Greathouse, 166 U.S. 601, 17 S.Ct. 701, 41 L. Ed. 1130. In reaching this conclusion, we are not unmindful of Wheeler v. Wheeler, 134 Ill. 522, 25 N.E. 588, on which defendant places strong reliance. That was a proceeding in equity to set aside a will. Two of the plaintiffs were residents of Ireland, one was a resident of Massachusetts, and the action was instituted under the seventh section of the statute of wills approximately fifteen years after the will was admitted to probate. The section of the statute, after authorizing a proceeding of that kind, provided that it should be filed within three years after the probate of the will, saving to infants, femes covert, persons absent from the state, and persons non compos mentis, a like period after the removal of their respective disabilities within which to institute the proceeding. The court expressly recognized the general rule that a provision tolling a statute of limitations with respect to persons absent from the state includes non-residents. But, pointing out that unless authorized by statute, a court of equity does not have jurisdiction under its general chancery powers to entertain a bill to set aside a will and that where authorized by statute a proceeding of that kind must be instituted within the time limited for that purpose, and laying emphasis upon the marked manner in which the legislature of the state had established the policy of facilitating the speedy settlement of estates with finality, the court held that the provision in the special statute authorizing a proceeding for the contest of a will within the time therein fixed, but saving to persons absent from the state a like period after the removal of their disability, did not include non-residents of the state. Manifestly that case is distinquishable from this one.

■ Defendant argues that in any event section 16, supra, was repealed by chapter 126, Laws of Colorado 1939. The statute enacted in 1939 is entitled "An Act Concerning the Application of Statutes of Limitations to Persons Under Legal Disability". Section one thereof defines the term "person under disability" to mean a minor, mental incompetent, or any person under any other legal disability. And with certain exceptions not having any present material bearing, it may be said in general language that the subsequent sections of the act relate to the application of statutes of limitations to minors, mental incompetents, and persons under other legal disability, or their legal representatives. The statute contains a general repealing provision but none specifically repealing section 16, supra. A nonresident may be burdened with the impediment of inconvenience or difficulty in respect to the institution of an action in the courts of Colorado. But non-residence standing alone and without more does not constitute a legal disability within the meaning of chapter 126, supra. Chapter 126 did not repeal section 16 insofar as the latter tolls the statute of limitation in relation to a person absent from the United States at the time of the accrual of the cause of action.

■ Even though section 16 does not toll the statute of limitations as to a foreigner who was never in this country, or even though section 16 was repealed by chapter 126, Laws of Colorado 1939, still the plea of limitation was not well founded. Section 2(a) of the Trading with the Enemy Act, 40 Stat. 411, 50 U.S.C.A.Appendix, § 2(a), defines the word "enemy" to mean among others any individual of any nationality residing within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war. On December 11, 1941, Congress declared the existence of a state of war between the United States and the Government of Germany, 55 Stat. 796, 50 U.S.C.A. Appendix, note preceding section 1. France was overrun and occupied by Germany. On November 8, 1942, the Treasury Department by a general ruling promulgated under authorized executive orders declared France to be enemy territory. The Germans were later expelled from France; and on November 4, 1944, such general ruling was amended by deleting therefrom reference to France as enemy territory, as of October 23, 1944. Deducting from the time intermediate the maturity of the notes and the institution of the suit the period during

which France was enemy territory, the suit was instituted less than six years after the notes became due. It is the rule of law in the United States that domestic statutes of limitation are suspended as between citizens of countries at war. One of the primary reasons which underly the rule is that the existence of war effectively closes the courts of each belligerent nation to the citizens and residents of the other. Hanger v. Abbott, 6 Wall. 532, 18 L.Ed. 939; Levy v. Stewart, 11 Wall. 244, 20 L.Ed. 86; Ross v. Jones, 22 Wall. 576, 22 L.Ed. 730.

During the time that plaintiff resided in enemy country, the courts in this country were not within her reach. They were effectively closed to her. She was as completely foreclosed from access to the courts in Colorado as though she were a citizen of Germany, and residing there. For purposes of this case, the statutes of limitation of Colorado were suspended during the time plaintiff was in enemy country. Salvoni v. Pilson, 86 U.S.App.D.C. 227, 181 F.2d 615. With that period deducted, the suit was filed within six years after the cause of action accrued. And therefore it was not barred. Salvoni v. Pilson, supra.

Defendant contends that plaintiff was not entitled to recover in her own name for or on behalf of her minor child, and that even if the statute of limitations was tolled as to the claim of plaintiff in her individual capacity it was not tolled as to the child or her legal representative. The notes were payable to Dominique Chuchuru. At the time of their execution and delivery, he was in Colorado but he later returned to France. After his return to France, he and plaintiff entered into a marriage contract and were married there. A daughter was born as the issue of the marriage. Dominique Chuchuru died, leaving plaintiff and the daughter surviving him. The daughter was approximately ten years of age at the time of the institution of the suit. In the original complaint, plaintiff alleged among other things that upon the death of her husband, she became and ever since had been the owner of the notes. No reference was made to the child having any interest in them. By amendment to the complaint, filed in 1949, plaintiff alleged that her right to the notes

and to recover upon them was governed by the laws of France; that under the laws of France applicable to the marriage contract, and independently of it, she was entitled to the notes and to recover upon them. And by further amendment, filed in 1950, she alleged in substance that according to her information and belief, under the laws of France she owned a certain part in the notes and was entitled during her life to the income from a certain part; that subject to certain conditions the daughter owned a certain part in the notes; and that plaintiff was prosecuting the action in her own right as to her interest in the notes, and in her capacity as trustee, guardian, or next friend for the daughter as to her interest in them. Each party introduced a witness who testified as an expert on the law of France. The testimony of the two witnesses was substantially the same in substance with respect to many features of the matter. According to the expert testimony which the trial court credited and which we credit, under the laws of France applicable to the marriage contract, plaintiff owns in her own right an one-fourth part of the notes; she owns during her life the income from another one-fourth part; until the daughter reaches the age of eighteen years, or is emancipated from disability as an infant, whichever may occur first, plaintiff is entitled to the income from the remaining one-half part; subject to plaintiff's right to the income therefrom, when the daughter attains the age of eighteen years, or being emancipated from infancy, whichever may occur first, she will be entitled to receive from plaintiff one-half of the principal of the notes; upon plaintiff's death the daughter will be entitled to receive from plaintiff one-fourth of the principal of the notes; in the meantime plaintiff is entitled to the possession of the notes, to sue upon them, and to enforce their payment; plaintiff is the natural guardian of the daughter; and the relationship between them is similar to that of trustee and cestui que trust. Federal Rule of Civil Procedure 17(a), 28 U.S.C. A., provides in presently material part that every action shall be prosecuted in the name of the real party in interest, but a guardian, trustee of an express trust, a party with

whom or for whose benefit a contract has been made for the benefit of another, or a party authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought. We entertain no doubt that in the peculiar circumstances presented here, plaintiff was authorized under the rule to sue on the notes in her own name and to enforce their payment, without joining the daughter.

The remaining contention urged by defendant is that the two notes and the marriage contract should not have been admitted in evidence. The argument in support of the contention is that the genuineness of the signatures to such instruments was not sufficiently proved. But we are unable to share that view. A painstaking review of the record is convincing that the execution of the written instruments was established and that their admission in evidence did not prejudice the rights of defendant.

The judgment is

Affirmed.