LittletoN, Judge,
delivered the opinion of the court:
Plaintiff, a Chinese national now residing in Manila, Philippine Islands, brings this action to recover $56,367.50, the alleged value of hardware and other building and construe *143 tion materials requisitioned by and delivered to defendant, for use in the construction of an Army camp in the Philippines, during the period from November 28 to December 15, 1941.
Plaintiff’s petition was filed February 7,1952. Defendant has filed a motion to dismiss on the ground that the claim is barred by the statute of limitations, 62 Stat. 976, 28 U. S. C. (Supp. IV) § 2501. Plaintiff alleges that his claim was filed with the Army Claims Service on March 30, 1948, and contends that the cause of action did not accrue until the rejection of that claim. Plaintiff also suggests that December 31, 1946, the date of the President’s Proclamation No. 2714, 61 Stat. 1048, officially declaring a cessation of hostilities of World War II, should be selected as marking the termination of the war and the lifting of the suspension of the statute, despite our selection of September 2, 1945, in a number of cases heretofore decided involving the issues here presented.
It appears from the petition and exhibits attached thereto that during November and December of 1941 the United States Army was engaged in the construction of Camp O’Donnell, Capas, Tarlac, Philippine Islands. There was at that time a great shortage of building materials in the Islands.
Plaintiff owned and operated a business known as Narva-can Lumber. The Army officer in charge of construction of the camp requisitioned hardware and other building and construction materials from plaintiff, ordered the requisitioned materials delivered to the camp, and fixed a price to be paid for them. Plaintiff delivered the materials to the camp and secured signed invoices showing the character and quantity of the materials, and the price fixed by the Army officer. The above course of events occurred between November 28 and December 15,1941.
On March 30, 1948, plaintiff filed a claim with the Army Claims Service in the amount of $56,367.50. The petition herein alleges that defendant has failed and refuses to pay for the requisitioned materials. No other allegation of rejection of the claim is made, nor is there any allegation *144 as to the date of rejection,[1] although plaintiff contends that such date marks the accrual of the cause of action.
The petition further alleges that plaintiff is a Chinese national[2] now residing in Manila, Philippine Islands, and asks judgment in the sum of $56,367.50 plus interest.
In Marcos v. United States, 122 C. Cls. 641, and Flaviana Tan, et al. v. United States, 122 C. Cls. 662, cert. den. 344 U. S. 895, we considered carefully the contentions here advanced, by plaintiff in this case. In the Marcos case suit was brought to recover the value of cattle requisitioned from plaintiff’s ranch after the outbreak of war on December 8, 1941 (Manila time). In Tm, supra, recovery was sought for lumber and other materials furnished to defendant prior to the beginning of hostilities. We held in each case that the cause of action accrued at the time the materials were requisitioned, and we selected September 2,1945, as marking the lifting of the suspension by war of the statute of limitations.
From the facts alleged in the petition, the claim here asserted accrued not later than December 15, 1941, and it appears that portions of the claim, with respect to certain requisitions and deliveries, may have accrued prior to the outbreak of hostilities. In Marcos, supra, we said, at p. 645:
* * * where the cause of action accrues after war has commenced, the claimant is entitled to the full six-year period after the war’s end within which to file suit. Sierra v. United States, 9 C. Cls. 224; Green v. United States, 17 C. Cls. 174. Where the Statute has begun to run prior to the commencement of war it has been held that the claimant is also entitled to the full statutory period of six years, and that the exact period of the war’s duration should be deducted in determining the day on which the bar of limitations arises. Chuchuru v. Chutchurru, 185 F. 2d 62; see Semmes v. Hartford Insurance Co., 13 Wall. 158, 160.[3]
*145 It is clear under our decisions that plaintiff’s petition was not timely filed. The lifting of the suspension of the statute of limitations occurred on September 2, 1945, and as plaintiff’s petition was not filed until February 7, 1952, the claim is barred by the statute.
There remains a further matter for consideration. Plaintiff’s counsel has set out in his main brief, in opposition to defendant’s motion, a number of purported direct quotations from decisions. An examination of the cases reveals that many of the “quotations” are not in fact as cited.[4] Plaintiff’s counsel has, in the cases referred to, omitted portions of the opinions of the courts which he purports to quote verbatim and, in addition, has supplied language which the courts did not use.
On the authority of our decisions in other cases on the question presented and for the reasons herein stated, defendant’s motion to dismiss is granted, and plaintiff’s petition is dismissed. It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.

 Plaintiff asserts In his brief that the claim was rejectee! on February 21, 1949.

 Defendant has not thus far questioned the right of plaintiff, an alien, to maintain a suit in this court. Cf. 28 U. S. C. (Supp. IV) § 2502, which provides:
“Citizens or subjects of any foreign government which accords to citizens of the United States the right to prosecute claims against their government in its courts may sue the United States in the Court of Claims if the subject matter of the suit is otherwise within such court’s jurisdiction.”

 See also discussion on defendant's motion for rehearing, at pp. 655-56.

 Canon 22 of the American Bar Association Canons of Professional Ethics provides in part:
“The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness.
“It is not candid or fair for the lawyer knowingly to misquote the contents of a paper, the testimony of a witness, the language or the argument of opposing, counsel, or the language of a decision or a textbook; * *