### BENEDICT v. UNITED STATES et al.

(District Court, E. D. New York. January 14, 1920.)

1. Statutes ⬤159—Repugnancy must be positive to establish an implied repeal.

   To establish an implied repeal of an earlier by a later statute, positive repugnancy must exist between the statutes, and, if they can be construed so as to be reconcilable, that construction should be adopted rather than one which effects repeal of the earlier law.

2. Courts ⬤426—Giving jurisdiction to Court of Claims does not prevent concurrent jurisdiction of District Courts.

   The fact that the Court of Claims is given jurisdiction over certain claims against the United States does not prevent concurrent jurisdiction over such claims being granted to the District Courts.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Courts ⬤⟺426—Provision continuing jurisdiction of District Court under war statute after termination of war does not prevent earlier repeal of statute.**

The provision of Act Aug. 10, 1917, § 24 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½pp), that litigation thereunder begun before the termination of the war might be concluded after such termination, does not of itself establish that Congress did not repeal the provision of that statute giving jurisdiction to the District Courts by subsequent statutes adopted after the Armistice.

**4. War ⟺14—Statute authorizing settlement of agreements does not repeal provision for payment of property taken without agreement.**

Act March 2, 1919, § 1 (Comp. St. Ann. Supp. 1919, § 3115¹⁴/₁₅a), authorizing the payment of property taken by the Secretary of War or the President under agreements made before the Armistice, if limited to claims arising upon an agreement for the acquisition or use of property, does not impliedly repeal an earlier statute providing for the recovery of claims not based upon any agreement expressed or implied.

**5. War ⟺14—Claims not otherwise payable must be filed within time fixed to be paid by Secretary of War.**

Claims for property taken for war purposes, which could not be paid except under Act March 2, 1919, § 1 (Comp. St. Ann. Supp. 1919, § 3115¹⁴/₁₅a), authorizing such payment by the Secretary of War, cannot be enforced, unless the claims were filed with the Secretary of War before the date fixed by that statute.

**6. War ⟺14—Delay in filing claims with Secretary of War affects only those payable on his certificate.**

Failure to file with the Secretary of War within the time fixed by Act March 2, 1919, § 1 (Comp. St. Ann. Supp. 1919, § 3115¹⁴/₁₅a), claims for property taken prior to the Armistice prevents recovery on claims for such property only if they were such as could be paid on the certificate of the Secretary of War under the authority of that act.

**7. War ⟺14—Property requisitioned is not taken under agreement.**

A requisition of property under the war power, like a taking by eminent domain, is not a taking under agreement, even if the owner, as a loyal citizen, acquiesced in such taking.

**8. Courts ⬤⟺426—Statute authorizing District Court to determine claims for property requisitioned held not impliedly repealed.**

Act Aug. 10, 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), giving the District Courts jurisdiction over claims by owners of property requisitioned for war supplies or storehouses for the same, was not impliedly repealed by Act March 2, 1919 (Comp. St. Ann. Supp. 1919, §§ 3115¹⁴/₁₅a-3115¹⁴/₁₅e), authorizing payment on approval by the Secretary of War for property taken under agreements made before the Armistice, section 2 of which gave the Court of Claims jurisdiction to determine controversies regarding those claims.

**9. War ⟺14—Authority to requisition property for army and navy did not terminate with Armistice.**

The authority of the officers of the United States to requisition property for the maintenance of the army and navy under the war power of the government continued after the signing of the Armistice.

Action by George F. Benedict, as sole surviving trustee of the trusts created by the last will and testament of William C. Langley, deceased, against the United States of America and the City of New York, to recover compensation for lands requisitioned by the United States for storehouses of military supplies. On motion by plaintiff to strike

---

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

out the defense that the District Court was without jurisdiction to entertain the action. Motion granted.

See, also, 270 Fed. 267.

Gannon, Seibert & Riggs, of New York City (Royal E. T. Riggs, of New York City, of counsel), for plaintiff.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y. (Charles J. Buchner, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

William P. Burr, Corp. Counsel, of New York City, for defendant City of New York.

CHATFIELD, District Judge. The plaintiff has sued the United States for an amount approximating $2,000,000 over and above the amount already paid by the United States, for certain real estate taken over by the army for use during the War as a site for storehouses for military supplies. This property was requisitioned under the following statute:

"Sec. 10. That the President is authorized, from time to time, to requisition foods, feeds, fuels, and other supplies necessary to the support of the army or the maintenance of the navy, or any other public use connected with the common defense, and to requisition, or otherwise provide, storage facilities for such supplies; and he shall ascertain and pay a just compensation therefor. If the compensation so determined be not satisfactory to the person entitled to receive the same, such person shall be paid seventy-five per centum of the amount so determined by the President, and shall be entitled to sue the United States to recover such further sum as, added to said seventy-five per centum will make up such amount as will be just compensation for such necessaries or storage space, and jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies," etc. Section 10, Act of August 10, 1917, 40 Stats. at Large, p. 276 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii).

By sections 10, 12, 16, and 25 of this law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛ii, 3115⅛jj, 3115⅛ll, 3115⅛q), the United States District Courts were granted jurisdiction to hear and determine controversies arising thereunder. In all the sections, except section 10, this jurisdiction was limited to amounts not exceeding $10,-000. Admittedly under all of the sections, a claimant could have recourse to the Court of Claims concurrently with the District Court. Where the amount in controversy exceeds the sum above specified, the jurisdiction of the Court of Claims is exclusive, unless the cause of action arises under section 10, when the jurisdiction is concurrent for all amounts.

It appears without dispute that three-quarters of the amount allowed by the government has been paid to and received by the owners, and the present suit is brought to recover the balance of the amount at which they value the property taken. The government has interposed an answer containing a separate defense to the effect that this court is without jurisdiction over the particular cause of action. The government does not contend that the original statute did not, by section 10, confer the necessary jurisdiction to institute the present suit, but it alleges that by the Act of March 2, 1919 (40 Stats. at Large, p. 1272

[Comp. St. Ann. Supp. 1919, §§ 3115¹⁴/₁₅a–3115¹⁴/₁₅e]), the provision giving jurisdiction to the United States courts, under the law of August 10, 1917, has been repealed.

Section 1 of the Act of March 2, 1919 (Comp. St. Ann. Supp. 1919, § 3115¹⁴/₁₅a), is as follows:

"That the Secretary of War be, and he is hereby, authorized to adjust, pay, or discharge any agreement, express or implied, upon a fair and equitable basis that has been entered into, in good faith during the present emergency and prior to November twelfth, nineteen hundred and eighteen, by any officer or agent acting under his authority, direction or instruction, or that of the President, with any person, firm, or corporation for the acquisition of lands, or the use thereof, or for damages resulting from notice by the government of its intention to acquire or use said lands, or for the production, manufacture, sale, acquisition or control of equipment, materials or supplies, or for services, or for facilities, or other purposes connected with the prosecution of the war, when such agreement has been performed in whole or in part, or expenditures have been made or obligations incurred upon the faith of the same by any such person, firm, or corporation prior to November twelfth, nineteen hundred and eighteen, and such agreement has not been executed in the manner prescribed by law. * * * Provided further, that this act shall not authorize payment to be made of any claim not presented before June thirtieth, nineteen hundred and nineteen," etc.

By section 2 the Court of Claims is given jurisdiction to hear the claim in the event that the Secretary of War can make no satisfactory adjustment of the matter, and the other sections of the law recite kindred grants of authority with which we are not concerned in the present action. The United States contends that the law of March 2, 1919, repeals by implication the Act of August 10, 1917, without any express statement of such repeal.

[1] To find such repeal, that implication must be the necessary deduction from the later statute. Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536. Positive repugnancy must exist between the statutes. Frost v. Wenie, 157 U. S. at page 58, 15 Sup. Ct. 532, 39 L. Ed. 614. If they can be construed so as to be reconcilable, that construction should be taken rather than one which effects repeal of the earlier law. United States v. Greathouse, 166 U. S. 601, 17 Sup. Ct. 701, 41 L. Ed. 1130.

[2] Before considering in particular the language of the statute, it will be advantageous to discuss one or two contentions which may throw light upon the purpose of Congress in enacting each law. The fact that the Court of Claims is given jurisdiction does not, of course, prevent concurrent jurisdiction being granted to the District Courts.

[3] The law of August 10, 1917, in section 24 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛pp), provides for the conclusion of such litigation as may have been begun at the time war between the United States and Germany shall have terminated, as fixed by the proclamation of the President. As the Act of August 10, 1917, known as the Fuel and Food Act, was a war measure, provision for the extension of jurisdiction to dispose of claims was necessary. This law is still in force so far as termination of the war is concerned, but this does not of itself show that Congress did not repeal parts of that law by the subsequent statute. It shows merely that protection can be

had if the law be not repealed up to the present, and even after the termination of the war.

But the taking away of this protection, in the case of the termination of the war, is of particular significance at the present time, when considered with relation to claims as to which no adjustment has been accomplished by the Secretary of War, or which have not been filed with the Secretary of War within the time limited by the Act of March 2, 1919.

The question at issue really comes down to three propositions:

First. If a cause of action like the present is within the terms of section 1 of the Act of March 2, 1919, is that statute limited to the giving of an authority to pay those which are adjusted?

Second. If the claim at bar is within the provisions of section 1 of the Act of March 2, 1919, and has not been adjudged, and therefore has not been authorized to be paid, can claim still be made, either to the Court of Claims or the United States District Court? In other words, has this section repealed the statutes giving general jurisdiction to the Court of Claims, or such jurisdiction as is conferred by the Act of August 10, 1917?

Third. If the claim be not within the express language of section 1 of the Act of March 2, 1919, are all claims against the United States, of the sort or kind which may be adjusted and paid under section 1, rendered invalid unless presented by the date fixed, upon the theory that the inclusion of certain claims in this particular statute has intentionally excluded the allowance of any other claims of a similar nature?

The third proposition will answer itself, dependent upon the construction of section 1 of the statute under the other two points.

[4] If the language of section 1 is to be limited to such claims as arise upon an "agreement" by an officer or agent, acting under the authority of the Secretary of War or of the President, for the acquisition or use of lands or for damages resulting from notice of such use, or for the production, etc., of equipment, material, or supplies, or services, or facilities, or other purposes connected with the prosecution of the war, then certainly claims arising outside of any agreement, just as claims arising outside of any exercise of authority by the Secretary of War or the President, in the conduct of the war, would not be repealed by this statute, which provides for the payment of such "adjustments" as might be made respecting these particular sorts of "agreement." An "implied" agreement evidently means an "implied" contract based on an "agreement" for the transaction. The other language of the section contradicts the idea that the words refer to an entire obligation, into which no element of the meeting of minds as to the contract has entered at any stage.

Nor does the first point need much discussion. Section 1 authorizes *payment* of such claims (of the nature covered by the section) as may be adjusted by the Secretary of War. The evident purpose of this statute was to protect those parties who had entered into contracts with the government, that had been undertaken in good faith and for immediate needs, but which had not been expressly authorized by act

of Congress, or which had not been contracted in exact accordance with the statute law.

[5] Contracts of this sort were thus validated and payment provided for, when in effect agreed upon and approved by the Secretary of War and recommended for payment. Such claims could not be paid, except under this statute. Decisions of the Comptroller of the Treasury, vol. 25, part 2, p. 398. In order to come under this statute they must be filed with the Secretary of War before July 31, 1919.

[6] Similar construction to that just expressed as to the third point makes it plain that failure to file such claims would foreclose only those claims which would not be paid under this law, unless allowed by the Secretary of War. If other statutes provide for a method of collection, then the parties would not be foreclosed from all chance of recovery, but they would be foreclosed from taking these claims up with the Secretary of War and obtaining payment from the Treasurer of the United States upon *his* certificate.

We must therefore pass to a consideration of the real question at issue, as suggested in the second objection which has been stated: Does the language of section 1 include only claims for materials or property taken by or supplied to any department for the conduct of the war, under a contract not authorized by law, or on some requisition entirely outside of the legal authority of the requisitioning officer to bind the United States therefor, and as to which a later agreement has been made?

As has been said, general jurisdiction of the Court of Claims includes matters from many other branches of the government than the War Department. Section 10 of the Fuel and Food Act relates to supplies for the army and navy. Section 1 of the Act of March 2, 1919, is limited to settlements by the Secretary of War for matters occurring under his authority, or that of the President, in conducting the war. The general authority of the President in the conduct of the war would include the maintenance of the navy or any other public use connected with the common defense. Thus the Secretary of War may have been given authority by section 1 to adjust the requisitioning of supplies by an officer of the navy, or even by an officer of some other department, as, for instance, the Department of State, in connection with the prosecution of the war, for the purpose of the common defense. But all such claims are for property obtained under an "agreement" which "has not been executed in the manner prescribed by law."

[7] A requisition, like a taking by eminent domain, is not a taking under agreement. Acquiescence on the part of a loyal citizen to the taking of his property by the sovereign is not the equivalent of the making of a contract, or the entering into of an agreement, in the legal sense of that term, for the obtaining of the property in question. A requisition is a one-sided exercise of authority, which depends either upon force or the acquiescence and loyalty of the owner of the property requisitioned, in order to accomplish the taking. Whether protest be entered or not, the obligation to repay is the same.

[8] If property taken by requisition should later by agreement be put in the category of those contracts which have been perform-

ed in whole or in part, or expenditures have been made, or obligations incurred upon the faith of the same by any such person, firm, or corporation prior to November 12, 1918, even though the acquiescence in the taking and participation in the furnishing has not been reduced to the form of a legal contract, the claim might have been presented under the Act of March 2, 1919; but unless so reduced to an agreement (unenforceable in the form of the agreement itself) the parties would not be foreclosed by a failure to present their claim on or before June 30, 1919. Where the claim of the party is based upon a requisition or an exercise of eminent domain, for which provision has been made, and where payment may be collected through appropriate legal proceedings, no agreement "not executed in the manner prescribed by law" is presented, and no repeal of the obligation of the United States to pay for such properties is included in the Act of March 2, 1919.

[9] The earlier statute has left jurisdiction to dispose of such matters to the District Court or the Court of Claims, as the case may be. The argument of the defendant as to the imminence of a declaration that the war has been terminated has no bearing upon the presentation of obligations incurred prior to November 12, 1918. Judicial notice may be taken of the fact that no contracts of the sort could legally be entered into after that date. No contracts actually made without legal authority could be paid under this law, if entered into after that date. But, on the other hand, the use of property requisitioned for the maintenance of the army or navy has continued up to the present time, and the war powers of the government have not terminated, in so far as the Fuel and Food Act is concerned.

Surely the passage of the law relating to contracts made before the Armistice should not be held to limit the government in its authority to lawfully requisition supplies after the signing of the Armistice and during the time in which the need of the Fuel and Food Act is still necessarily great. Nor is there any intent shown to limit the method of recovery for requisition by any department before that date, when the requisition has not been made outside of the letter of the law. The Act of March 2, 1919, is in addition to, rather than in contradiction or repeal of, the existing statutes.

The motion to strike out the defense that the District Court is without jurisdiction to entertain this particular action upon the grounds stated should be granted.