GEORGE S. ROBINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18072. Promulgated March 25, 1929.

*George S. Robins* pro se.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

MILLIKEN: The respondent determined that the petitioner realized a taxable gain of $30,966 by reason of the sale of his stock in the Thompson-Munro-Robins Chemical Co. to Thompson in the year 1923. There is no dispute between the parties concerning the computation of gain determined by the respondent if the sale by petitioner is not governed by section 214 (a) (12) of the Revenue Act of 1921 or was not a mere reorganization giving rise to no gain or loss.

Congress in the Revenue Act of 1921 added subdivision 214 (a) (12) which provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(12) If property is compulsorily or involuntarily converted into cash or its equivalent as a result of (A) its destruction in whole or in part, (B) theft or seizure, or (C) an exercise of the power of requisition or condemnation, or the threat or imminence thereof; and if the taxpayer proceeds forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, to expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted, or in the acquisition of 80 per centum or more of the stock or shares of a corporation owning such other property, or in the establishment of a replacement fund, then there shall be allowed as a deduction such portion of the gain derived as the portion of the proceeds so expended bears to the entire proceeds. The provisions of this paragraph prescribing the conditions under which a deduction may be taken in respect of the proceeds or gains derived from the compulsory or involuntary conversion of property into cash or its equivalent, shall apply so far as may be practicable to the exemption or exclusion of such proceeds or gains from gross income under prior income, war-profits and excess-profits tax acts.

It is clear from the facts obtained in this proceeding that the property, i. e., stock of petitioner, was not destroyed or that it was not stolen or seized, and we are unable to find that the stock was sold by reason of the exercise of the power of requisition or condemnation or threat or imminence thereof. Petitioner contends that his investment was faced with ruin unless he sold his stock to Thompson and that such state of facts may bring his case within the intendment of the section in question. We think the statute did not have an intent of application such as claimed for it by petitioner. No doubt as a business expediency petitioner acted with foresight in selling his stock, bearing in mind the conditions that obtained. Viewed in the light of his legal rights, he was under no compulsion to sell. He could have stood on his rights and demanded such a disposition of his stock ownership as justice might have required. There is also no showing in this case, even if we agree that the sale was an involuntary conversion, that petitioner complied with the requirement of the statute that he expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted. No doubt petitioner did, from the proceeds which he derived from the sale of his stock, invest some or all of the money so derived in the organization of G. S. Robins & Co., but we have no evidence as to the amounts, if any, so invested. See also *Davis Co.*, 6 B. T. A. 281; *Piedmont Mt. Airy Guano Co.*, 8 B. T. A. 72; *Excelsior-Leader Laundry Co.*, 8 B. T. A. 183; and *Philip F. Tirrell*, 14 B. T. A. 1399.

Petitioner next contends that if relief can not be afforded him under section 214 (a) (12) of the Revenue Act of 1921, he is entitled to relief because the sale of his stock to Thompson amounted to a reorganization which should give rise to no gain or loss. It seems sufficient to observe that there was no reorganization of the Thompson-Munro-Robins Chemical Co. into G. S. Robins & Co. When petitioner sold his stock to Thompson the corporation in which he had been a stockholder continued in business and petitioner merely formed another corporation which had no relation to or connection with the Thompson-Munro-Robins Chemical Co. except that the corporation which petitioner formed competed with the corporation in which he had been a stockholder and did, as the evidence shows, succeed to most of the clients of the Thompson-Munro-Robins Chemical Co. and became sales representative for most of the manufacturing chemists that the former had represented.

*Judgment will be entered for the respondent.*